# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-1875

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Kyris Black, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 18, 2008
Filed: April 29, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Kyris Black appeals the district court's[1] order granting a 10-month reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Mr. Black pleaded guilty to possessing with the intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841. Black faced a mandatory minimum sentence of 60 months. See § 841(b)(1)(B). He was originally sentenced to 70 months in prison based on an offense level of 27 and a criminal history category of I, resulting in a guidelines range of 70 to 87 months. Because Mr. Black's original sentencing range was based in part on the quantity of drugs under USSG § 2D1.1(c), he was eligible for a reduction of his sentence under § 3582(c)(2). The district court appointed counsel to represent Black and held a hearing on the motion to reduce his sentence under § 3582(c)(2).

In determining the amended guidelines range, the district court properly set the bottom of the amended guidelines range at 60 months, the statutory mandatory minimum sentence, see USSG § 5G1.1(c)(2), and sentenced Black to a modified sentence of 60 months in prison. The district court lacked the authority to reduce Black's sentence any further, even after Kimbrough, which does not authorize district courts to sentence below the Congressionally-mandated statutory minimum sentences. See Kimbrough v. United States, 128 S. Ct. 558, 574 (2007) (noting that district courts remain "constrained by the mandatory minimums Congress prescribed in the 1986 Act"); see also United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008) (rejecting argument that Kimbrough allowed a district court to consider the crack/powder quantity disparity in sentencing below a statutory mandatory minimum on a 28 U.S.C. § 3553(e) substantial assistance motion); United States v. Gomez-Herrera, No. 07-10153, 2008 WL 886091, at *3 (5th Cir. Apr. 3, 2008) (After Kimbrough, "[s]entencing courts are still constrained by Congressional policies, for example the mandatory minimum sentences contained in the Anti-Drug Abuse Act of 1986.").

The district court's judgment reducing Black's sentence to 60 months in prison is summarily affirmed. See 8th Cir. R. 47A(a).

_____