**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6231**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY DALE NORRIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:05-cr-01163-HMH-3; 6:07-cv-70102-HMH)

Submitted:  August 20, 2008        Decided:  September 8, 2008

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny E. Watson, Sr., Columbia, South Carolina, for Appellant.
W. Walter Wilkins, United States Attorney, Leesa Washington,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Dale Norris pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, and three counts of possession with intent to distribute cocaine base. He was sentenced to 120 months in prison on each count; the sentences run concurrently. Norris now appeals, contending that, under United States v. Kimbrough, ___ U.S. ___, 128 S. Ct. 558 (2007), the district court should not have imposed the statutory minimum sentence but should instead have taken into consideration the disparity in sentencing between offenses involving cocaine powder and those involving crack. Because Norris did not raise this claim below, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-37 (1993).

Norris was statutorily subject to a minimum sentence of 120 months in prison. See 21 U.S.C. § 841(b)(1)(A) (2000). In Kimbrough, the Supreme Court found that a sentencing court may consider the disparity between the sentencing guidelines' treatment of crack and powder cocaine. Kimbrough, 128 S. Ct. at 573. However, the Court also agreed with the government's assertion that "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Id. Thus, the statutorily prescribed minimum sentence at issue in this case is unaffected by Kimbrough. See United States v. Harris, 531 F.3d 507, 516 (7th Cir. 2008) (no need for Kimbrough remand when defendant received statutory minimum

2

sentence); <u>United States v. Black</u>, 523 F.3d 892, 892-93 (8th Cir. 2008) (<u>Kimbrough</u> did not authorize district court to sentence defendant below statutorily mandated minimums).

We conclude that there was no plain error in this case. Moreover, the sentence is reasonable. <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 594-97 (2007) (stating standard of review); <u>United States v. Farrior</u>, ___ F.3d ___, 2008 WL 2971779, at *10 (4th Cir. Aug. 5, 2008) (No. 07-4498) ("a statutorily required sentence . . . is *per se* reasonable"). We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>