[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11899
Non-Argument Calendar

_____

D. C. Docket No. 92-00363-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 10, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Thomas Coleman, a federal prisoner convicted of a crack cocaine offense, appeals pro se the district court's denial of his 18 U.S.C. § 3582 motion for reduction of sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses. Because Coleman was sentenced to an applicable statutory mandatory minimum term of imprisonment, resulting in a sentence that ultimately was based on something other than the offense level calculation under § 2D1.1, he was precluded from receiving a sentence reduction under § 3582. Accordingly, we AFFIRM the district court's denial of the motion.

## I.  BACKGROUND

In November of 1992, Coleman was indicted by a federal grand jury on two counts of distributing, and possessing with the intent to distribute, five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two) R1-2. Prior to Coleman's trial, the government filed an information, pursuant to 21 U.S.C. § 851, giving notice that, based on Coleman's prior state conviction on charges of selling, distributing, and possessing dangerous drugs, it would seek the mandatory minimum term of imprisonment of 20 years on Counts One and Two, under § 841(b)(1)(A)(ii). R1-12. In March of 1993, Coleman was convicted by a jury on both counts of the indictment. R1-44.

2

The presentence investigation report ("PSI") held Coleman liable for 130 grams of crack cocaine, resulting in a base offense level of 32. PSI ¶ 12. Based on a total offense level of 30, and a criminal history category of III, the calculated guideline range was 121 to 151 months' imprisonment. Id. ¶¶ 19, 32, 45. However, because a mandatory minimum term of 240 months' imprisonment applied as a result of Coleman's prior felony drug conviction, this was determined to be the applicable guideline sentence. Id. at ¶ 45. In accordance with the applicable mandatory minimum, Coleman was sentenced to 240 months' imprisonment. R1-80.

On 22 January 2008, Coleman filed the instant § 3582 motion, seeking a modification of his imposed term of imprisonment. R1-99. He asserted that he was eligible for a reduction in his sentence based on Amendment 706, which lowered the offense levels in crack cocaine cases by two levels. Id. at 2. He further contended that the district court was required to re-sentence him in accordance with the two-level offense level reduction and consider the 18 U.S.C. § 3553(a) factors in imposing an appropriate amended sentence. Id. at 3. The government responded that the motion was premature, as the amendment would not become effective until 3 March 2008. R1-101.

The district court denied Coleman's motion, finding that the mandatory minimum sentence imposed was greater than the applicable guideline range, and, therefore, Coleman was not eligible for a reduction. R1-104. Coleman filed a motion for reconsideration, arguing that, "[o]nce the authority to re-visit the sentence has been triggered," the court was required to ensure that his amended sentence was consistent with the § 3553(a) factors and the Sentencing Commission's policy statements, which were advisory only. R1-105 at 1-2. He contended that, pursuant to a § 3582 re-sentencing, the district court first must determine what the guideline sentence would have been if the amended guidelines applied, and then the court must determine whether to exercise its discretion in consideration of "all relevant statutory sentencing factors that exist at the time of re-sentencing." Id. at 2-3. The district court summarily denied Coleman's motion for reconsideration for the reasons stated in its earlier order. R1-106.

## II. DISCUSSION

On appeal, Coleman contends that, in the context of a § 3582(c)(2) re-sentencing, he can seek relief from the mandatory minimum sentence that was applied to him, through 18 U.S.C. § 3553(e) and (f), as a re-sentencing of this nature "clearly require[s] the court to impose a sentence based upon its evaluation of the § 3553(a) factors." Appellant's Brief at 4-5. Accordingly, Coleman states

4

that he is seeking to be sentenced under § 3553(a), as required by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Although his argument is difficult to discern, Coleman appears to contend that, because the Sentencing Commission's policy statements limit the district court's consideration of the § 3553(a) factors – as the court can only consider these factors if a defendant is eligible for a sentence reduction under the amendment, and not all crack cocaine offenders are eligible and will receive the benefit of the court's consideration of these factors – it creates a mandatory sentencing system and violates the mandates of Booker.  Finally, Coleman states that,  not to apply the amendment's reduction to all crack cocaine offenders – including those who were sentenced as career offenders or pursuant to a mandatory minimum – violates the Due Process and Equal Protection Clauses.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, where the issue presented involves a legal interpretation, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).  Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

5

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, became effective 1 November 2007. See U.S.S.G. App. C, Amend. 706 (2007). The Amendment was made retroactive as of 3 March 2007, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[1] Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1 to seek a reduction in his sentence, a defendant whose original sentence ultimately

_____

[1] The 1 March 2008 Supplement has been superceded by the 1 May 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective 1 May 2008. See U.S.S.G. Cover (Supp. May 1, 2008).

6

was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). This occurs where, as here, the defendant was sentenced to a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10, comment. (n.1) (noting that defendant is not eligible for reduction, even if amendment is listed in subsection (c), if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"); see also United States v. Black, 523 F.3d 892, 892-93 (8th Cir. 2008) (affirming the district court's denial of § 3582 motion because defendant was sentenced in accordance with the statutory mandatory minimum sentence, and courts are not authorized to sentence below statutory minimum sentences).

In making the determination of whether to apply a retroactive amendment to an eligible defendant, the district court must: (1) substitute the amended guideline range for the originally applied guideline range; and (2) consider the § 3553(a) factors and determine whether or not to reduce the defendant's original sentence. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). If a defendant is not eligible because an amendment is not applicable, however, the district court is not

required to engage in this two-step analysis. See U.S.S.G. § 1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

Here, the applicable guideline imprisonment range of 121 to 151 months' imprisonment was lower than the statutory mandatory minimum term of 240 months' imprisonment that applied based on Coleman's prior felony drug conviction. See PSI at ¶ 45. Accordingly, the mandatory minimum became the guideline sentence. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily authorized minimum sentence shall be the guideline sentence."). The court sentenced Colman to the mandatory minimum term of 240 months' imprisonment, and, thus, his sentence ultimately was based on something other than the offense level calculation under § 2D1.1. Therefore, Coleman is precluded from receiving a reduction in his sentence, and, therefore, we affirm the district court's denial of his § 3582 motion. See U.S.S.G. § 1B1.10(a)(2)(B).

Furthermore, contrary to Coleman's argument that he was entitled to be re-sentenced in consideration of the § 3553(a) factors, his guideline range – which, pursuant to § 5G1.1(b), was 240 months' imprisonment – was not lowered by an

amendment, and therefore, he was not eligible for a sentence reduction under § 3582(c)(2). See U.S.S.G. § 1B1.10, comment. (n.1); see also U.S.S.G. § 5G1.1(b). Accordingly, the district court was not required to engage in the two-step analysis through which it would exercise its § 3553(a) discretion in determining whether or not to reduce his sentence. See U.S.S.G. § 1B1.10, comment. (n.1). Coleman's assertions that the mandates of Booker are violated because the Sentencing Commission's policy statements create a mandatory sentencing system by limiting the ability of the district court to consider the § 3553(a) factors, likewise, are without merit. The district court is required to consider the § 3553(a) factors when a defendant is eligible for a sentence reduction under § 3582(c)(2), thus preserving the court's sentencing discretion, but Coleman was not eligible for this reduction, and therefore, the court was not required to consider the § 3553(a) factors. See U.S.S.G. § 1B1.10, comment. (n.1).

Finally, to the extent that Coleman seeks to challenge the constitutionality of Amendment 706, a § 3582(c)(2) motion is not the proper avenue through which to raise these issues, as a motion of this type is limited to seeking a modification of a sentence based on a sentencing range that has been lowered. See 18 U.S.C. § 3582(c)(2). Instead, Coleman could raise these claims in a motion to vacate, pursuant to 28 U.S.C. § 2255.

9

### III. CONCLUSION

For the reasons stated above, we conclude that the district court properly denied Coleman's motion brought pursuant to 18 U.S.C. § 3582 for reduction of his sentence.

**AFFIRMED.**