[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2008
THOMAS K. KAHN
CLERK

No. 08-13982
Non-Argument Calendar
_____

D. C. Docket No. 96-00078-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANIE YVETTE GEORGE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 15, 2008)


Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Stephanie Yvette George, a federal prisoner convicted of a crack-cocaine offense, appeals the district court's denial of her pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. On appeal, George argues that she was eligible for a reduction under § 3582(c)(2) because her sentence was partially "based on" the drug quantity guideline. She submits that U.S.S.G. § 1B1.10 must be disregarding insofar as it conflicts with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the limiting clause of § 3582(c)(2) should be construed as advisory under Booker. She claims that the district court had inherent equitable power to give effect to Amendment 706 and reduce her sentence. She also asserts that Amendment 709 changed the definition of "related cases" such that she would no longer be a career offender under the current Guidelines.

We review "a district court's decision whether to reduce a sentence pursuant to [§ 3582(c)(2)], based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission's recently revised policy statement on retroactive amendments to the Guidelines provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by [§ 3582(c)(2)]. As required by [§ 3582(c)(2)], any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (made effective on March 3, 2008, by Amendment 712). The policy statement emphasizes that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under [§ 3582(c)(2)] if . . . [a]n amendment listed in subsection (c) does

3

not have the effect of lowering the defendant's applicable guideline range."

U.S.S.G. § 1B1.10(a)(2)(B).  In this regard, the commentary to § 1B1.10 explains

that a reduction under § 3582(c)(2) is not authorized if the "amendment . . . is

applicable to the defendant but the amendment does not have the effect of

lowering the defendant's applicable guideline range because of the operation of

another guideline or statutory provision (e.g., a statutory mandatory minimum term

of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)).

On November 1, 2007, the Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

U.S.S.G. App. C, Amend. 706 (2007).  The effect of Amendment 706 is to provide

a two-level reduction in base offense levels for certain crack-cocaine offenses.

See id.  The Commission made this amendment retroactively applicable, effective

as of March 3, 2008.  See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008)

(listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable

amendment).

A district court lacks authority to grant a sentence reduction under

§ 3582(c)(2) "[w]here a retroactively applicable guideline amendment reduces a

defendant's base offense level, but does not alter the sentencing range upon which

his or her sentence was based."  United States v. Moore, 541 F.3d 1323, 1330

4

(11th Cir. 2008). Section 3582(c)(2) does not authorize a reduced sentence where a defendant was sentenced in accordance with a statutory mandatory minimum sentence. United States v. Black, 523 F.3d 892, 892-93 (8th Cir. 2008) (persuasive authority), petition for cert. filed, (U.S. July 25, 2008) (No. 08-7085).

Although the Guidelines are effectively advisory under Booker, the district courts are still bound by statutory minimum sentences. United States v. Ciskowski, 492 F.3d 1264, 1270 (11th Cir. 2007). While district courts may grant variances based on the crack-to-powder disparity, they are still "constrained by the mandatory minimums Congress prescribed." Kimbrough v. United States, 552 U.S. ____, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007).

Upon review of the record and consideration of the parties' briefs, we discern no error. The district court did not err in finding that Amendment 706 had no effect on George's offense level because she was sentenced to the statutory mandatory minimum.

**AFFIRMED.**