**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 14, 2008[*]
Decided August 22, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1940

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 05-CR-10006-001 |
| | |
| CORTEZ L. TRAPPS, | Joe Billy McDade, |
| *Defendant-Appellant.* | *Judge.* |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Amendment 706 to the United States Sentencing Guidelines Manual retroactively reduced the base-offense levels for crack-cocaine offenses. *See* U.S.S.G. § 2D1.1(c); *see generally United States v. Lawrence*, Nos. 08-1856, 08-1857, 08-1858, 08-1862, 2008 WL 2854151, at *1 (7th Cir. July 25, 2008). In July 2005 Cortez Trapps was sentenced to 120 months' imprisonment after pleading guilty to possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), but earlier this year he moved under 18 U.S.C. § 3582(c)(2) to modify that sentence based on Amendment 706. The district court denied the motion, and we affirm.

Trapps's appeal has no merit because, although his guidelines range was 140 to 175 months' imprisonment, he received the mandatory-minimum sentence of 120 months. *See* 21 U.S.C. § 841(b)(1)(A)(iii). When the sentencing guidelines are amended, a district court may reduce a prisoner's sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction is inconsistent with the policy statements accompanying Amendment 706 if a "statutory provision (e.g., a statutory mandatory minimum term of imprisonment)" prevents the district court from lowering the prisoner's guidelines range. U.S.S.G. § 1B1.10 (n.1(A)). Because Trapps received the statutory mandatory-minimum sentence for his crime, the district court correctly recognized that it lacked authority to reduce Trapps's sentence any further. *See Kimbrough v. United States*, 128 S. Ct. 558, 574 (2008) ("[A]s to crack cocaine sentences in particular, we note [that] . . . district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act."); *United States v. Black*, 523 F.3d 892, 892-93 (8th Cir. 2008) (district courts lack authority to modify a sentence below the mandatory minimum under 18 U.S.C. § 3582(c)(2) and Amendment 706); *see also United States v. Harris*, No. 07-2195, 2008 WL 3012362, at *12 (7th Cir. Aug. 6, 2008) ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not."); *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003) ("The only provisions allowing for departure from a statutory minimum are 18 U.S.C. §§ 3553(e) and (f).").

AFFIRMED.