NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 25, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1834

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-CR-20009 |
| ALBERT LUCKEY, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Albert Luckey sought to take advantage of Amendment 706 to the United States Sentencing Guidelines Manual, which retroactively reduced the base-offense levels for crack-cocaine offenses. *See* U.S.S.G. § 2D1.1(c). The district court denied his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and Mr. Luckey appeals.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

We affirm because Amendment 706 does not apply to Mr. Luckey's sentence.  He pleaded guilty to possessing more than 50 grams of cocaine base and had a prior felony drug conviction, which means that by statute his mandatory-minimum penalty was 240 months' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  That was greater than the range Mr. Luckey otherwise would have faced (188 to 235 months), and so the statutory minimum became Mr. Luckey's guideline sentence.  *See* U.S.S.G. § 5G1.1(b).  Section 3582(c)(2) provides that when the Sentencing Commission lowers a prisoner's guidelines range a court may reduce the sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The application notes to U.S.S.G. § 1B1.10 provide that a reduction "is not consistent with this policy statement" if it would not lower the applicable guideline range because of a "statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)); *see also United States v. Lawrence*, Nos. 08-1856, 08-1857, 08-1858, 08-1862, 2008 WL 2854151, at *3 (7th Cir. July 25, 2008) (recognizing that court's authority to reduce sentences under § 3852(c) is limited by Commission's policy statements); *United States v. Jones*, 523 F.3d 881, 882 (8th Cir. 2008).  Furthermore, aside from two exceptions not applicable here, district courts may not impose a sentence below a statutory mandatory minimum.  *See Kimbrough v. United States*, 128 S. Ct. 558, 574 (2008) ("[A]s to crack cocaine sentences in particular, we note [that] . . . district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act."); *United States v. Harris*, No. 07-2195, 2008 WL 3012362, at *12 ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not."); *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003) ("The only provisions allowing for departure from a statutory minimum are 18 U.S.C. §§ 3553(e) and (f).").

Mr. Luckey also argues in his reply brief that the information the government filed that listed his previous felony drug conviction for purposes of applying the mandatory minimum would have violated 21 U.S.C. § 851(a)(2) under the revised guidelines.  He misunderstands the statute, but even if there might otherwise have been a violation, because he was charged in an indictment in the present case, there could be no § 851(a)(2) violation.  *See United States v. Jackson*, 189 F.3d 502, 512 (7th Cir. 1999).

AFFIRMED.