In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2328

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MONICA L. POOLE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 05-CR-10066—**Michael M. Mihm**, *Judge.*

ARGUED SEPTEMBER 9, 2008—DECIDED DECEMBER 19, 2008

Before FLAUM, WILLIAMS, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. The district court denied Monica Poole's motion to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2) on the ground that she was ineligible for a reduction. Poole appeals, arguing that she is eligible for a sentence reduction under § 3582(c)(2) because her original sentence, subsequently reduced under Rule 35(b) of the *Federal Rules of Criminal Procedure,* was based on a

sentencing range the Sentencing Commission has since lowered—specifically, Guidelines Amendment 706 pertaining to crack cocaine sentences. We affirm. The district court lacked subject-matter jurisdiction to revisit Poole's sentence because it was based on a statutory minimum sentence, not a range the Commission has subsequently lowered.

## I. Background

Monica Poole pleaded guilty to one count of distributing five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). At sentencing the district court first calculated Poole's base offense level for crack cocaine pursuant to U.S.S.G. § 2D1.1. This calculation resulted in a guidelines range of 87-108 months. However, a prior felony drug conviction subjected her to a statutory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(B). Because the district court's initial calculation of Poole's guidelines range was lower than the statutory minimum sentence, the district court sentenced her pursuant to the statutorily required minimum. *See* U.S.S.G. § 5G1.1(b).

Nearly one year later, the government moved under Rule 35(b) to have Poole's original sentence reduced for substantial assistance to the government. The district court granted the government's motion and, using Poole's statutory minimum sentence as its starting point, reduced her sentence 25 percent to 90 months. Poole later moved for a further sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Guidelines Amendment 706, which lowered the base offense level for crack cocaine

offenses under U.S.S.G. § 2D1.1 by two levels to ameliorate the 100:1 drug-quantity ratio between powder cocaine and crack. *See* U.S.S.G. app. C, amend. 706 (2007). She requested a sentence of 65 months based on a guidelines range that took Amendment 706 and her substantial-assistance reduction into account but that did not apply the statutory minimum.

The district court held that Poole was ineligible for resentencing under § 3582(c)(2) because her sentence was not based on a sentencing range that Amendment 706 had subsequently lowered, but instead was based on the statutory minimum.

## II. Discussion

The sole issue on appeal is whether the district court had jurisdiction to revisit Poole's sentence under 18 U.S.C. § 3582(c)(2) based on Sentencing Guidelines Amendment 706. Congress has authorized district courts to modify sentences in very limited circumstances. Section 3582(c)(2) permits a district court to revisit a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[1] We

---

[1] A second clause in § 3582(c)(2) states that a district court may reduce a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued

(continued...)

recently concluded that this language limits a district court's subject-matter jurisdiction. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008). Accordingly, our analysis begins by asking whether Poole's sentence was "based on" a sentencing range that Amendment 706 has subsequently lowered.

The district court held, and we agree, that Poole's sentence was "based on" a statutory minimum, not a sentencing range that Amendment 706 lowered. The district court initially calculated Poole's base offense level pursuant to U.S.S.G. § 2D1.1, which Amendment 706 *has* subsequently lowered. This calculation resulted in a guidelines range of 87-108 months. However, a prior felony drug conviction subjected her to a statutory minimum sentence of 120 months. Because the statutory minimum exceeded the otherwise applicable guidelines range, the statutory minimum became Poole's guidelines sentence. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required mini-mum sentence shall be the guideline sentence."); *United States v. Cordero*, 313 F.3d 161, 166 (3d Cir. 2002) (under § 5G1.1(b) the statutory minimum "subsumes and dis-places the otherwise applicable guideline range"). Thus,

---

[1] (...continued)

by the Sentencing Commission." *United States v. Lawrence* explains that this clause limits a court's authority to reduce sentences once it has jurisdiction. 535 F.3d 631, 637-38 (7th Cir. 2008).

while Amendment 706 lowered Poole's base offense level, it has not lowered the sentencing range on which her sentence was actually based—a statutory minimum sentence of 120 months' imprisonment.

Poole nevertheless argues that her sentence was "based on" a range that Amendment 706 has subsequently lowered because the district court *initially* calculated a guidelines range for her that the amendment has now altered. But this view ignores the fact that the district court's initial guidelines calculation became academic once her prior drug felony was factored in, triggering the statutory minimum sentence. A sentence is not "based on" a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered.

This conclusion is consistent with the position taken by other federal appellate courts that have considered the relationship between guidelines amendments and the plain language of § 3582(c)(2). *See United States v. Johnson,* 517 F.3d 1020, 1024 (8th Cir. 2008) (Amendment 706 had no effect on eligibility for resentencing where statutory minimum became the guidelines sentence under § 5G1.1(b)); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (district court lacked authority to reduce sentence because it was based on statutory minimum, not an otherwise applicable range lowered by a separate amendment).

The Sentencing Commission's recently amended policy statement also supports our reading of § 3582(c)(2)'s jurisdictional language. In discussing a defendant's eligibility for a sentence reduction under § 3582(c)(2), Application Note 1(A) states:

> Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . *an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).*

U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added).

The Commission thus has indicated that defendants in precisely the same situation as Poole are not eligible for sentencing reconsideration under § 3582(c)(2). The Application Note confirms that Amendment 706 does not have the effect of lowering Poole's guidelines range because the range applicable to her by operation of law was the statutory minimum term. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *see also United States v. Moore*, 541 F.3d 1323, 1328 (11th Cir. 2008) (citing Note 1(A) to support holding that defendants' sentences were not based on initial base-offense-level calculations for crack cocaine where the district court ultimately applied separate guidelines for career offend-

ers). Indeed, even if the district court had jurisdiction to revisit Poole's sentence, Application Note 1(A) makes it clear that reducing her sentence would be inconsistent with the Sentencing Commission's policy statement.[2]

One twist in Poole's case supplies an additional argument, although one we ultimately find unpersuasive. Poole points to the fact that the district court subsequently reduced her sentence under Rule 35(b) of the *Federal Rules of Criminal Procedure* to a term of imprisonment below the statutory minimum and within her otherwise applicable guidelines range on the government's "substantial assistance" motion. To the extent this is an argument that her reduced sentence was not also based on the statutory minimum sentence, Poole is incorrect.

Rule 35(b) allows a district court to reduce a sentence for substantial assistance upon the government's motion. It is one of few instances in which a court may disregard a statutory minimum sentence. *See* 18 U.S.C. § 3553(e).

---

[2] We have concluded in two unpublished orders that Application Note 1(A) precludes a district court from reducing a sentence based on the statutory mandatory minimum for crack cocaine. *United States v. Trapps*, 289 F. App'x 953 (7th Cir. 2008); *United States v. Luckey*, 2008 WL 3929587 (7th Cir. Aug. 25, 2008). In both cases we cited Application Note 1(A) for the proposition that any such reduction would violate the second clause of § 3582(c)(2), prohibiting reductions inconsistent with an applicable policy statement. The Application Note speaks not only to the second clause of § 3582(c)(2) but also to the first requiring that a sentence be "based on" a subsequently lowered range in order to qualify for potential reduction.

Although the district court granted Poole a statutorily authorized reduction under Rule 35(b), it used her original statutory minimum sentence as its starting point for issuing the reduction. Poole's reduced sentence thus was in no way based on or affected by her otherwise applicable sentencing range, which Amendment 706 would have lowered. Accordingly, the sentence reduction under Rule 35(b) did not vest the court with jurisdiction under § 3582(c)(2). *See Johnson*, 517 F.3d at 1024 ("Since the district court used the 120 month mandatory minimum as its point of departure [for substantial assistance], resentencing is not warranted."); *Moore*, 541 F.3d at 1330 (holding that defendants were not eligible for § 3582(c)(2) consideration because even after applying a reduction for substantial assistance, the court still had not based their sentences on a range reduced by Amendment 706).

Poole also suggests that our recent decision in *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008), somehow affects her case. It is not entirely clear why she believes *Chapman* is relevant. *Chapman* affirmed a district court's use of 18 U.S.C. § 3553(a) factors to grant a sentence reduction for substantial assistance under Rule 35(b) that was more modest than what the defendant's substantial assistance may have warranted if considered alone. 532 F.3d at 628. Poole understands *Chapman* to stand for the proposition that a district court may rely on § 3553(a) in a Rule 35(b) proceeding to grant a sentence reduction *beyond* what a defendant's substantial assistance is worth. Poole apparently questions the district court's Rule 35(b) order in light of *Chapman*. However, because Poole did not appeal the district court's Rule 35(b) order, and because we have

already concluded that the district court lacks jurisdiction to consider a sentence reduction under § 3582(c)(2), we need not consider this argument.

We note for completeness that Poole's expansive reading of *Chapman* would allow a court to use the narrow resentencing authority granted under Rule 35(b) to engage in an entirely new sentencing inquiry in no way related to the question of a defendant's substantial assistance. But *Chapman* stands only for the proposition that *after* calculating the value of the defendant's assistance to the government, a district court may ask whether § 3553(a) factors weigh in favor of or against granting a reduction equivalent to that level of assistance. *See* 532 F.3d at 628. The opinions of the Ninth and Eleventh Circuits that we cited in *Chapman* are also limited to that proposition. *United States v. Manella*, 86 F.3d 201, 204-05 (11th Cir. 1996) ("[T]he only factor that may militate *in favor of* a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may . . . militate in favor of granting a smaller reduction."); *see also United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003) (citing *Manella* for the same proposition). Indeed, these circuits have rejected the broader application of § 3553(a) that Poole now advocates for considering sentence reductions. *See Doe*, 351 F.3d at 933; *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1037 (11th Cir. 1994). And contrary to Poole's assertion, nothing in *Chapman* suggests that its holding

applies to expand the district court's jurisdiction to consider a § 3582(c)(2) sentence reduction.[3]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] As in *United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008), we decline to address whether application of the restrictions in U.S.S.G. § 1B1.10 is mandatory or advisory; the parties have not argued the matter.