NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 22, 2008\*
Decided February 17, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**. 08-3145 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 3:02-cr-30028-JES |
| KEENAN L. JACKSON, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

### Order

Appellant, whose conviction was affirmed in *United States v. Jackson*, 377 F.3d 715 (7th Cir. 2004), asked the district court to reduce his sentence under 18 U.S.C. §3582(c), which authorizes judges to reduce sentences when the Guidelines on which they rest have been changed by amendments to the Sentencing Guidelines that the Sentencing

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Commission has made retroactive. Jackson invoked Amendment 706, which retroactively reduces the sentencing ranges for some crack cocaine offenses.

The district court denied Jackson's motion for a lower sentencing, observing that he had been sentenced under the career-offender Guideline USSG §4B1.1, rather than under USSG §2D1.1, the only Guideline affected by Amendment 706. Jackson concedes that the district judge imposed the sentence under §4B1.1, which is unaffected by Amendment 706. Section 3582(c) permits resentencing only when the Guideline on which the sentence rested has been amended, so Amendment 706 does not affect career-offender sentences. See, e.g., *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008). See also *United States v. Poole*, 550 F.3d 676 (7th Cir. 2008) (§3582(c) permits reduction only when a sentence was "based on" a Guideline later reduced; a sentence based on other statutes or rules must stand).

Jackson maintains that the district judge should not have used the career-offender Guideline when he was sentenced in 2003, and that the controlling Guideline should have been §2D1.1. He contends that some of the prior convictions that led the district judge to classify him as a career offender are invalid or inapplicable. But that subject, to the extent that it was ever open in this federal prosecution--see *Custis v. United States*, 511 U.S. 485 (1994) (a recidivist enhancement does not authorize an indirect collateral attack on a prior conviction, except to argue that the defendant asked for and did not receive the benefit of counsel)--could have been raised on Jackson's original appeal. Section 3582(c) does not permit a defendant to raise an argument available at sentencing but waived or forfeited then. Congress has authorized the application of retroactive Guidelines; it has not authorized district courts (or courts of appeals) to revisit arguments that were available but bypassed long ago.

AFFIRMED