**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 11, 2009[*]
Decided March 18, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2786

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | 99 CR 50004 |
| MICHAEL HILL, | |
| *Defendant-Appellant.* | Philip G. Reinhard, *Judge*. |

**ORDER**

In 1999 Michael Hill pleaded guilty to possessing with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1), using a firearm during a drug trafficking crime, *see* 18 U.S.C.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

§ 924(c), and possession of a firearm by a felon, *see id*. § 922(g)(1).  Based on Hill's status as a career offender and an armed career criminal, *see* 18 U.S.C. § 924(e); U.S.S.G. §§ 4B1.1, 4B1.4, the district court imposed a term of 216 months' imprisonment for the possession offenses and added a 60-month consecutive sentence for using the firearm, *see* § 924(c), for a total of 276 months.  In 2007 the Sentencing Commission retroactively reduced the base offense level for crack offenses under U.S.S.G. § 2D1.1, *see* U.S.S.G., Supp. to App. C, amend. 706 (2007), and Hill, seeking to take advantage of the changes, moved to reduce his sentence under 18 U.S.C. § 3582(c)(2).  He also asked the district court to appoint an attorney to represent him.  The court denied both motions, explaining that the recent guidelines amendments did not apply to Hill because his sentence was driven by his career-offender status, and that he was not entitled to counsel.  On appeal Hill also challenges his consecutive sentence.  We affirm.

Hill argues that the district court abused its discretion by refusing to reduce his sentence based on Amendment 706.  Because Hill was sentenced as a career offender and an armed career criminal, however, the amendment does not lower his applicable guidelines range, so the district court lacked authority to reduce his sentence at all.  *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir. 2008).  Accordingly, Hill had no need for counsel or a hearing, *see Forman*, 553 F.3d at 590; *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999); FED. R. CRIM. P. 43(b)(4), and his argument about the scope of a sentence reduction is irrelevant.

Finally, Hill attempts belatedly to attack his original sentence.  He bases this challenge on a Second Circuit decision holding that a district court cannot impose an additional, consecutive term of imprisonment for violating § 924(c) if that term would be shorter than the mandatory minimum required by another count of conviction.  *See United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008).  Here, the 60-month consecutive term Hill received for violating § 924(c) was less than the 15-year mandatory minimum he faced for being a career offender, *see* 18 U.S.C. § 924(e).  But § 3582(c)(2) cannot be used as a basis to reopen a sentence on a ground other than a retroactive amendment to the sentencing guidelines, *see Poole*, 550 F.3d at 678, and, anyway, Hill forfeited this contention by failing to raise it in the district court, *see United States v. Cannon*, 539 F.3d 601, 603 (7th Cir. 2008).  In any event, his argument is foreclosed by our decision in *United States v. Easter*, 553 F.3d 519, 525-27 (7th Cir. 2009).

AFFIRMED.