NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 26, 2009*
Decided April 7, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

<table>
<tr><td>

**No.**  08-4223

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

        **v.**

YAMANGO JILES,
    *Defendant-Appellant.*

</td><td>

Appeal from the United
States District Court for the
Southern District of Illinois.

No. 96-CR-30087-010-WDS
William D. Stiehl, *Judge*.

</td></tr>
</table>

**Order**

After we affirmed his conviction and sentence for crack-cocaine offenses, Yamango Jiles asked the district court to reduce that sentence under the retroactive amendments to the Sentencing Guidelines. The district court recalculated Jiles's range under the amended guidelines and summarily reduced his sentence from 282 months in prison to 226 months in prison.

Despite this favorable outcome, Jiles filed a notice of appeal. His counsel has

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

moved to withdraw under *Anders*, explaining that she cannot find a non-frivolous issue. Jiles has not taken the opportunity to respond extended under Circuit Rule 51(b).

We agree with counsel's assessment. Procedures under the retroactive guideline amendment are designed to be summary; the prisoner does not have a right to a full resentencing and does not have any entitlement to a reduction greater than the Sentencing Commission has authorized. See *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585 (7th Cir. 2008); *United States v. Poole*, 550 F.3d 676 (7th Cir. 2008) (all discussing the amended crack guidelines). And because the district judge gave Jiles the full benefit of the lower range, it is impossible to perceive any non-frivolous appellate issue.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.