NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 2, 2008[1]
Decided April 10, 2009

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1883

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 03 CR 62-01 |
| JEFFREY GARRETT, | Sarah Evans Barker, |
| *Defendant-Appellant.* | *Judge.* |

**ORDER**

Jeffrey Garrett was sentenced to life imprisonment following his conviction for possession with intent to distribute 50 grams or more of crack cocaine and possession of a firearm during a drug trafficking crime. We affirmed Garrett's conviction. Garrett

---

[1] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

subsequently filed a motion in the district court pursuant to 18 U.S.C. § 3582(c)(2), seeking to avail himself of the benefits of the retroactive crack cocaine amendments.  We agree with the district court that Garrett is ineligible for a sentence reduction because he was sentenced to the mandatory minimum sentence, and we therefore affirm the district court's decision denying his motion.

## I.  BACKGROUND

On November 3, 2004, the United States District Court for the Southern District of Indiana sentenced Jeffrey Garrett to life imprisonment following his conviction for possession with intent to distribute 50 grams or more of crack cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and possession of a firearm in violation of 18 U.S.C. § 924(c)(1). On July 11, 2005, we affirmed Garrett's conviction after determining that the arresting officers did not unlawfully detain Garrett during his traffic stop and had probable cause to search his vehicle based on a drug-detection dog's positive alert to the presence of drugs therein.  *See United States v. Garrett*, 139 F.App'x 720 (7th Cir. 2005).

On January 25, 2008, Garrett filed a *pro se* motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), claiming that he was entitled to a sentence reduction based on Amendment 706 to the Sentencing Guidelines, which reduced by two levels the offense levels applicable to most crack cocaine offenses.  On March 31, 2008, the district court denied Garrett's motion, concluding that Garrett was ineligible for a sentence reduction because he had been sentenced to the statutorily required mandatory sentence. Garrett appeals.

## II.  ANALYSIS

We review a district court's application of the sentencing guidelines de novo.  *United States v. Rollins*, 544 F.3d 820, 837 (7th Cir. 2008).  In order for a district court to reduce a defendant's sentence under § 3582(c)(2), that reduction must be consistent with any applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2). The Commission has stated, and we have held, that Amendment 706 does not have the effect of lowering a defendant's guidelines range when the range applicable to that defendant by operation of law was the statutory minimum term.  U.S.S.G § 1B1.10, cmt. n.1(A); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir. 2008).  Therefore, application note 1(A) precludes a district court from reducing a sentence based on the statutory mandatory minimum for crack cocaine.  *See Poole,* 550 F.3d at 679, n. 2; *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008); *accord United States v. Black*, 523 F.3d 892, 892-93 (8th Cir. 2008).

In this case, the Presentence Investigation Report indicated that Garrett had two

prior felony drug convictions. His sentence was therefore imposed pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), which states that any person who intends to distribute 50 or more grams of crack cocaine "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment." The district court therefore had no freedom to reduce Garrett's sentence below the mandatory minimum for the offense. *Kimbrough v. United States*, 128 S. Ct. 558, 574 ("[A]s to crack cocaine sentences in particular, we note . . . [that] district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act"). Accordingly, we find that the district court properly denied Garrett's § 3582(c)(2) motion for sentence modification.

### III.  CONCLUSION

The district court's denial of Garrett's § 3582(c)(2) motion  is AFFIRMED.