UNITED STATES of America,
Plaintiff–Appellee,

v.

Adam G. TOWNSEND, Defendant–Appellant.

No. 08–2498.

United States Court of Appeals,
Seventh Circuit.

Submitted May 6, 2009.[1]

Decided May 7, 2009.

Joseph H. Hartzler, Attorney, Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

Adam G. Townsend, Yazoo City, MS, pro se.

Before FRANK H. EASTERBROOK, Chief Judge, JOEL M. FLAUM, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

## ORDER

Invoking amendments to the sentencing guidelines that lowered the offense levels for some crack-cocaine offenses, Adams Townsend seeks a sentence reduction. Townsend had pleaded guilty to counts of distributing crack cocaine and being a felon in possession of a firearm. *See* 21 U.S.C. §§ 841(a)(1) and 922(g). The district court found that Townsend was a career offender, *see* U.S.S.G. § 4B1.1(A), and calculated his guidelines range for the cocaine count as 262 to 327 months' imprisonment. The court then sentenced Townsend to 262 months' imprisonment on the drug count, to be served concurrently with a 120–month sentence for the firearm charge. After the Sentencing Commission amended the guidelines, Townsend sought to have his sentence lowered. *See* 18 U.S.C. § 3582(c). The district court denied this motion.[2]

Townsend asserts that the reduced guideline range for crack-cocaine offenses applies to him. U.S.S.G.App. C, Amend. 706. But Townsend was sentenced under the guidelines for a career offender, not the crack-cocaine guidelines. The Commission has not lowered his applicable guidelines range, and, therefore, the district court could not lower his sentence. *See United States v. Forman,* 553 F.3d 585, 588–90 (7th Cir.2009); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir.2008).

AFFIRMED.

---

1. After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2).

2. The government argues that Townsend's notice of appeal was untimely but purports to waive that argument based on its view of *Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). Townsend, however, asserts that he complied with the prisoner mailbox rule, *see United States v. Craig,* 368 F.3d 738, 740 (7th Cir.2004), compliance with which would undisputedly render the appeal timely. The prosecutor does not contest Townsend's sworn statement, so we must treat it as accurate. On this understanding the appeal is timely, which makes it unnecessary to decide whether a timely notice of appeal is a jurisdictional requirement.