**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 6, 2009[1]
Decided May 7, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2498

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 3:05-cr-30072 |
| ADAM G. TOWNSEND, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Invoking amendments to the sentencing guidelines that lowered the offense levels for some crack-cocaine offenses, Adams Townsend seeks a sentence reduction.  Townsend had pleaded guilty to counts of distributing crack cocaine and being a felon in possession of a firearm.  *See* 21 U.S.C. §§ 841(a)(1) and 922(g).  The district court found that Townsend

---

[1] After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

was a career offender, *see* U.S.S.G. § 4B1.1(A), and calculated his guidelines range for the cocaine count as 262 to 327 months' imprisonment. The court then sentenced Townsend to 262 months' imprisonment on the drug count, to be served concurrently with a 120-month sentence for the firearm charge. After the Sentencing Commission amended the guidelines, Townsend sought to have his sentence lowered. *See* 18 U.S.C. § 3582(c). The district court denied this motion.[2]

Townsend asserts that the reduced guideline range for crack-cocaine offenses applies to him. U.S.S.G. App. C, Amend. 706. But Townsend was sentenced under the guidelines for a career offender, not the crack-cocaine guidelines. The Commission has not lowered his applicable guidelines range, and, therefore, the district court could not lower his sentence. *See United States v. Forman*, 553 F.3d 585, 588-90 (7th Cir. 2009); *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008).

AFFIRMED.

---

[2] The government argues that Townsend's notice of appeal was untimely but purports to waive that argument based on its view of *Eberhart v. United States*, 546 U.S. 12 (2005). Townsend, however, asserts that he complied with the prisoner mailbox rule, *see United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004), compliance with which would undisputedly render the appeal timely. The prosecutor does not contest Townsend's sworn statement, so we must treat it as accurate. On this understanding the appeal is timely, which makes it unnecessary to decide whether a timely notice of appeal is a jurisdictional requirement.