NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009
Decided May 28, 2009

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3738

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | 00-30023-001-WDS |
| | |
| LARRY MOSBY, | William D. Stiehl, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Larry Mosby pleaded guilty to several drug crimes involving more than 50 grams of crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), as well as a single count of possessing a firearm to further a drug offense, *see* 18 U.S.C. § 924(c). He has been serving time since June 2000, but after the Sentencing Commission retroactively reduced the base offense level for most crack offenses, Mosby moved in the district court for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied the motion, and Mosby filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Mosby did not respond to our invitation under Circuit Rule 51(b)

to comment on counsel's submission.  We limit our review to the potential issue identified in counsel's brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The probation officer who prepared Mosby's presentence report estimated that the quantity of crack exceeded 10 kilograms.  Using the 1998 version of the sentencing guidelines, the probation officer recommended a base offense level of 38, which applied to anyone possessing at least 1.5 kilograms of crack.  *See* U.S.S.G. § 2D1.1(c)(1) (1998).  A three-level reduction for acceptance of responsibility decreased Mosby's total offense level to 35, *see id.* § 3E1.1, which, combined with a criminal history category of I, yielded a guidelines imprisonment range for the drug offenses of 168 to 210 months' imprisonment.  At sentencing Mosby did not object to the amount of crack or the guidelines range.  The district court sentenced him to 168 months' imprisonment for the drug offenses plus a consecutive 60-month term on the § 924(c) count.  But the government later moved for a reduction below the statutory minimum, *see* FED. R. CRIM. P. 35(b), and the court decreased Mosby's sentence to 108 months for the drug offenses, which is below the statutory minimum of 120 months, *see* 21 U.S.C. § 841(b)(1)(A), and 36 months on the § 924(c) count, which is also below the statutory minimum of 60 months.

The Sentencing Commission has since retroactively lowered the base offense levels for crack offenses involving less than 4.5 kilograms.  That change did not affect amounts of 4.5 kilograms or more, which still carry a base offense level of 38.  *See* U.S.S.G. § 2D1.1, Supp. to App. C at 226-31 (2007) (Amendment 706), Supp. to App. C at 253 (2008) (Amendment 713).  Mosby, then, could not benefit from the lower levels, and so the district court denied his motion.

In her *Anders* submission counsel considers arguing that the district court should have reevaluated the amount of crack when ruling on Mosby's motion under § 3582(c).  Counsel theorizes that Mosby might have objected at sentencing to the probation officer's 10-kilogram calculation if he had known that the Sentencing Commission would retroactively reduce the base offense levels for amounts under 4.5 kilograms.  Counsel, though, correctly rejects this potential argument as frivolous.  Because Mosby's sentence was under the statutory minimum, he could not obtain a further reduction under § 3582(c).  *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009); *United States v. Pool*, 550 F.3d 676, 678-80 (7th Cir. 2008).  A proceeding under § 3582(c) is "not a do-over" of the sentencing hearing, *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), and a district court evaluating a motion under that section is limited to applying retroactive amendments "and shall leave all other guideline applications decisions unaffected," U.S.S.G. § 1B1.10(b)(1).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.