ORDER
Larry Mosby pleaded guilty to several drug crimes involving more than 50 grams of crack cocaine, see 21 U.S.C. §§ 846, 841(a)(1), as well as a single count of possessing a firearm to further a drug offense, see 18 U.S.C. § 924(c). He has been serving time since June 2000, but after the Sentencing Commission retroactively reduced the base offense level for most crack offenses, Mosby moved in the district court for a sentence reduction under 18 U.S.C. § 3582(c)(2). The distl’ict court denied the motion, and Mosby filed a notice of appeal, but his appointed lawyer now seeks to withdraw under Anders v. Califoynia, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she is unable to discern a nonfrivolous issue to pursue. Counsel’s supporting brief is facially adequate, and Mosby did not respond to our invitation under Circuit Rule 51(b) to comment on counsel’s submission. We limit our review to the potential issue identified in counsel’s brief. See United States v. Schuh, 289 F.3d 968, 973-74 (7th Cir.2002).
The probation officer who prepared Mosby’s presentence report estimated that the quantity of crack exceeded 10 kilograms. Using the 1998 version of the sentencing guidelines, the probation officer recommended a base offense level of 38, which applied to anyone possessing at least 1.5 kilograms of crack. See U.S.S.G. § 2D1.1(c)(1) (1998). A three-level reduction for acceptance of responsibility decreased Mosby’s total offense level to 35, see id. § 3E1.1, which, combined with a criminal history category of I, yielded a guidelines imprisonment range for the drug offenses of 168 to 210 months’ imprisonment. At sentencing Mosby did not object to the amount of crack or the guidelines range. The district court sentenced him to 168 months’ imprisonment for the drug offenses plus a consecutive 60-month term on the § 924(c) count. But the government later moved for a reduction below the statutory minimum, see Fed.R.CRImP. 35(b), and the court decreased Mosby’s sentence to 108 months for the drug offenses, which is below the statutory minimum of 120 months, see 21 U.S.C. § 841(b)(1)(A), and 36 months on the § 924(c) count, which is also below the statutory minimum of 60 months.
The Sentencing Commission has since retroactively lowered the base offense levels for crack offenses involving less than 4.5 kilograms. That change did not affect amounts of 4.5 kilograms or more, which still carry a base offense level of 38. See U.S.S.G. § 2D1.1, Supp. to App. C at 226-31 (2007) (Amendment 706), Supp. to App. C at 253 (2008) (Amendment 713). Mosby, then, could not benefit from the lower levels, and so the district court denied his motion.
In her Anders submission counsel considers arguing that the district court should have reevaluated the amount of crack when ruling on Mosby’s motion under § 3582(c). Counsel theorizes that Mosby might have objected at sentencing to the probation officer’s 10-kilogram calculation if he had known that the Sentencing Commission would retroactively reduce *615 the base offense levels for amounts under 4.5 kilograms. Counsel, though, correctly rejects this potential argument as frivolous. Because Mosby’s sentence was under the statutory minimum, he could not obtain a further reduction under § 3582(c). See United States v. Forman, 553 F.3d 585, 588 (7th Cir.2009); United States v. Poole, 550 F.3d 676, 678-80 (7th Cir.2008). A proceeding under § 3582(c) is “not a do-over” of the sentencing hearing, United States v. Tidwell, 178 F.3d 946, 949 (7th Cir.1999), and a district court evaluating a motion under that section is limited to applying retroactive amendments “and shall leave all other guideline applications decisions unaffected,” U.S.S.G. § lB1.10(b)(l).
Counsel’s motion to withdraw is GRANTED, and the appeal is DISMISSED.