In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2732

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DURICCO JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:07-cr-10121 — **Joe Billy McDade**, *Judge.*

SUBMITTED NOVEMBER 14, 2013 — DECIDED MARCH 19, 2014

Before CUDAHY, POSNER, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* In 2011, Duricco Johnson pled guilty to possessing crack cocaine with intent to distribute and possessing a gun in furtherance of a drug crime. The district court sentenced him to sixty months' imprisonment, departing from the 120-month mandatory minimum for repeat drug offenses because Johnson cooperated with the government. *See* 18 U.S.C. § 3553(e). Johnson now seeks a sentence reduction

under 18 U.S.C. § 3582(c)(2), citing changes to the crack cocaine guidelines. The district court refused to grant the requested reduction, noting that Johnson's motion was an impermissible second or successive motion for reduction of sentence and, regardless, that Johnson did not qualify for a reduction on the merits. We agree that Johnson's motion lacks merit.

Johnson first sent a letter to the district court on July 18, 2011, seeking a reduction of his sentence "because of the retroactive crack-cocaine news that [he] received." The district court characterized this letter as a motion for a sentence reduction under § 3582(c)(2) and appointed the Federal Defender as counsel for Johnson. Shortly thereafter, the Federal Defender filed a motion to withdraw, having concluded that our decision in *United States v. Poole* prevented the district court from reducing Johnson's sentence. 550 F.3d 676 (7th Cir. 2008). The district court agreed, and denied Johnson's motion.

Johnson sent another letter requesting a sentence reduction on May 17, 2013. The court again appointed the Federal Defender to represent Johnson, and Johnson filed a counseled motion to reduce sentence. The motion claimed Johnson deserved a reduction for three reasons: (1) the crack cocaine amendments had been revised and made retroactive, (2) his sentence violated the Equal Protection clause, and (3) his sentence violated the Eighth Amendment. The court denied Johnson's motion both on procedural grounds and on the merits. First, the court found that *United States v. Redd* prohibited Johnson's motion as a second or successive § 3582(c)(2) motion based on the same Sentencing Guidelines amendment. 630 F.3d 649, 651 (7th Cir. 2011). The court went on to address

the merits of Johnson's claims, finding that *Poole* foreclosed relief and that the constitutional arguments lacked merit.

Johnson spends a good deal of time in his brief arguing that, despite *Redd*'s prohibition, we should consider his motion. This is ultimately irrelevant, as Johnson's motion cannot succeed on the merits. We cannot reduce a defendant's sentence under § 3582(c)(2) if the original sentence was based on a statutory minimum. *Poole*, 550 F.3d at 679–80. Because Johnson had a prior felony drug conviction, he was subject to a 120-month mandatory minimum. 21 U.S.C. § 841(b)(1)(B). The district court sentenced Johnson below this minimum at the government's request, pursuant to 18 U.S.C. § 3553(e). Although the district court departed from the mandatory minimum, Johnson's sentence was still based on the mandatory minimum, not the subsequently-amended Sentencing Guideline. *Poole*, 550 F.3d at 678.

Johnson tries to argue that *Poole* was superseded by the 2011 amendments to the Sentencing Guidelines, which defined "applicable guideline range" for the first time. He suggests that the definition includes only the criminal history category and offense level calculations, without consideration of any statutory mandatory minimums. But the commentary Johnson points to defines "guideline range" as "the range that corresponds to the offense level and criminal history category *determined pursuant to § 1B1.1(a)*." U.S.S.G. § 1B1.1 cmt. n.1(A) (emphasis added). Subsection 8 of § 1B1.1(a) directs a sentencing judge to apply parts B through G of Chapter 5 of the guidelines. This includes § 5G1.1, which provides that where a minimum sentence is greater than the guidelines sentence, the minimum sentence becomes the guidelines sentence. The

statutory minimum is part of the "applicable guideline range." Johnson's argument is a non-starter.

Johnson also invokes the constitutional avoidance canon, suggesting that we should reduce his sentence in order to avoid any doubt that it violates the Equal Protection Clause and the Eighth Amendment. These arguments are outside the realm of a hearing on a § 3582(c)(2) motion: they do not relate to an amendment to the sentencing guidelines and could have been challenged on direct appeal. *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009); *United States v. Lovett*, __ Fed. Appx. __, No. 13-1994, 2014 WL 243238 at *1 (7th Cir. Jan. 23, 2014).

Finding no reason to reverse the decision of the district court, we AFFIRM.