NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014[*]
Decided May 23, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2680

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| *v.* | No. 09-30062-001 |
| HERMAN E. BLUE, | Sue E. Myerscough, |
| *Defendant-Appellant*. | *Judge.* |

No. 13-2686

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| *v.* | No. 08-10031-003 |
| DARYL MILLER, | Joe Billy McDade, |
| *Defendant-Appellant*. | *Judge.* |

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Herman Blue and Daryl Miller each appeal from an order denying a second motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction. Because the appeals present the identical issue, we have consolidated them for disposition.

Blue and Miller were sentenced for drug offenses involving crack cocaine, *see* 21 U.S.C. §§ 841(a)(1); 846, before enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Both defendants faced a statutory minimum higher than the guidelines imprisonment range that otherwise would have applied. Thus the statutory minimum (10 years for Blue, 20 for Miller) became the guidelines sentence. *See* U.S.S.G. § 5G1.1(b); *United States v. Wren*, 706 F.3d 861, 862 (7th Cir. 2013). Each defendant received the minimum, though both continued cooperating with investigators. The district court, on the government's motion, later reduced Blue's sentence to 108 months and Miller's to 144. *See* 18 U.S.C. §§ 3553(e), 3582(c)(1)(B); FED. R. CRIM. P. 35(b).

In 2011 the Sentencing Commission responded to the Fair Sentencing Act by retroactively lowering the base offense level for most crack offenses. *See* U.S.S.G. App. C, Vol. III, amends. 750, 759 (2011). In 2012 Blue and Miller filed their first motions under § 3582(c)(2) seeking sentence reductions. District Judges Myerscough and McDade appointed counsel to review their pro se motions; counsel concluded that neither defendant was eligible for relief under § 3582(c) because both had been sentenced based on a statutory minimum, not a guidelines range that later was reduced. *See United States v. Poole*, 550 F.3d 676, 678–79 (7th Cir. 2008) (explaining that retroactive amendment which lowers a defendant's base offense level does not lower his guidelines range if the sentence was compelled by statutory minimum). The district judges agreed with counsel and rejected the motions. Neither defendant appealed.

Blue and Miller tried again in 2013 with this second round of § 3582(c)(2) motions. This time they cited out-of-circuit opinions in arguing that Amendment 759 implicitly abrogated *Poole*, making them now eligible for a sentence reduction. In that amendment the Sentencing Commission declared, for the first time, that the "guideline range" referred to in U.S.S.G. § 1B1.10, and applicable to motions for a sentence reduction under § 3582(c)(2), is the imprisonment range calculated "before consideration of any departure provision in the Guidelines Manual or any variance." *See* U.S.S.G. § 1B1.10 cmt. n.1(A) (2012). Blue and Miller argued that this change meant, contrary to *Poole*, that their "guideline range" was the range calculated before the statutory minimum sentence was considered. But the district judges, relying on *United*

*States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011), denied their new motions as successive and, thus, unauthorized. Judge McDade added that, anyway, Miller remained ineligible for a sentence reduction due to *Poole*, rejecting Miller's assertion about the effect of Amendment 759.

On appeal Blue and Miller argue that *Redd* does not foreclose their motions as successive and, if it does, we should overrule that decision. Miller also presses his contention that Amendment 759 abrogated *Poole*. Yet we need not discuss *Redd* because, after the appellants' motions had been denied, we reaffirmed *Poole* and rejected their interpretation of Amendment 759. *United States v. Johnson*, __ F.3d __, 2014 WL 1673290, at *2 (7th Cir. Mar. 31, 2014). Accordingly, neither appellant is eligible for a sentence reduction, and thus the orders denying their motions are **AFFIRMED**.