**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021[*]
Decided May 7, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2467

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:01 CR 98 |
| SEANTAI SUGGS, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

More than halfway through his 324-month prison term for cocaine-base ("crack") crimes, Seantai Suggs moved for a sentence reduction under provisions of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), that made earlier sentencing reforms retroactive. The district court granted the motion with respect to some of his convictions and supervised release, but its decision had no effect on his release date. Because the district court properly exercised its discretion, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Sentencing occurred in 2002 after Suggs was found guilty of five drug-related offenses for his involvement in an Indiana drug ring. A jury convicted him of conspiring to distribute more than 50 grams of crack cocaine, 21 U.S.C. § 846; using a communication facility to distribute drugs, *id.* § 843(b); distributing an unspecified amount of crack cocaine, *id.* § 841(a)(1); and two additional counts of distributing more than five grams of crack cocaine, *id.* Under then-existing law, he faced several statutory minimum penalties, and based on a determination that he was the supervisor of the drug-distribution conspiracy, U.S.S.G. § 3B1.1(b), his guidelines range was life in prison. The district court sentenced him to life in prison on the conspiracy count, concurrent lesser sentences on the other charges, and five years' total supervised release. On direct appeal, we affirmed. *United States v. Suggs*, 374 F.3d 508 (7th Cir. 2004).

Over the years, Suggs sought reductions to his sentence based on retroactive amendments to the guidelines. Two of his motions were denied after the court concluded that the quantities of drugs for which he was responsible rendered him ineligible for relief. A third motion under Amendment 782 was successful, however. The district court reduced Suggs's prison sentence to 324 months, after the amendment created a new guidelines range for the drug quantity involved in the conspiracy count of 324 to 405 months.

Aided by counsel in 2019, Suggs moved under § 404 of the First Step Act for a further reduction of his sentence. Section 404 allows district courts to "impose a reduced sentence" for defendants convicted of certain crack-related offenses as if the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010), had been in effect at the time of their offenses. This potentially shifted the statutory (as opposed to guidelines) range for Suggs's conspiracy count from 10 years to life down to 5 to 40 years, and for the two counts of distributing more than five grams of crack from 5 to 40 years down to 0 to 20 years. *Compare* 21 U.S.C. § 841(b)(1)(A), (B) (2018), *with* 21 U.S.C. § 841(b)(1)(A), (B) (2002). In his motion, he highlighted his accomplishments in prison: a clean disciplinary record over 18 years and a high school equivalency degree.

The district court declined to decrease Suggs's overall prison term but reduced his total term of supervised release to four years. It agreed with Suggs that the First Step Act reduced the statutory penalties for his conspiracy and two distribution counts. So, it considered the factors under 18 U.S.C. § 3553(a), but decided against a reduction. It "considered defendant's argument that he has … earned his GED … [and] that defendant has not had a single infraction during his 18 years in custody." His guidelines range on the conspiracy count had not changed, however. In the court's

view, his post-conviction conduct did not outweigh other factors that warranted leaving his 324-month prison term for conspiracy intact. It cited Suggs's role as a "top lieutenant" of a complex drug conspiracy that involved a "significant amount of crack" and the ongoing need to deter similar crimes. To conform Suggs's sentence on the two counts of distributing more than five grams of cocaine to the maximum allowed under the Fair Sentencing Act, the court reduced his prison term on those counts to 20 years. Because his 324-month sentence on the conspiracy charge remained unchanged, however, the reduction had no practical effect on Suggs's release date.

On appeal, Suggs contends that the district court abused its discretion in two ways. First, he says, it overlooked his post-conviction achievements. Second, he argues, the court failed to consider that, by denying him a further sentence reduction, it created a disparity between his sentence and that of his co-defendant. *Id.* § 3553(a)(6). That co-defendant—Aaron Davis—had similarly behaved well in prison and was also labelled a "top lieutenant" in the same drug conspiracy, but the court reduced his prison term to 262 months.

The district court did not abuse its discretion. First, in its decision the court expressly acknowledged Suggs's post-conviction achievements and infraction-free record. That suffices to show adequate consideration. *See United States v. Stephens*, 986 F.3d 1004, 1009–10 (7th Cir. 2021); *United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020). Furthermore, after weighing the § 3553(a) sentencing factors, the court reasonably concluded that a below-guidelines sentence was not warranted because these accomplishments did not outweigh the seriousness of his crimes, his leadership role, and the need for deterrence. *See United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020). That determination fits within the broad discretion afforded to district courts under the First Step Act. *See United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020).

Second, the district court was not required to compare Suggs's sentence to his co-defendant's in order to avoid unwarranted sentencing disparities. *See United States v. Solomon*, 892 F.3d 273, 278–79 (7th Cir. 2018). The guidelines range within which the court sentenced Suggs stems from national sentencing data, thus a within-guidelines sentence "necessarily considers" avoiding unwarranted disparities between co-defendants. *United States v. King*, 910 F.3d 320, 330 (7th Cir. 2018). Moreover, Suggs does not contend that the court wrongly calculated his guidelines range and, as just stated, it adequately justified Suggs's sentence at the bottom of that range. Finally, the court similarly resentenced both defendants to the low ends of their ranges. It resentenced Suggs's co-defendant under the First Step Act from 327 months (the high end of his

range) to 262 months (the low end of his range). Suggs's higher simply range reflects a three-level supervisor enhancement. *See United States v. Davis*, 682 F.3d 596, 605–06 (7th Cir. 2012). Suggs did not challenge this on direct appeal and may not now. *See United States v. Johnson*, 747 F.3d 915, 917 (7th Cir. 2014).

Suggs also asserts that the district court overlooked its authority to reduce his aggregate sentence, which included two offenses—distributing an unspecified amount of crack cocaine and using a communication facility to distribute drugs—not covered by the First Step Act. Shortly before the court decided Suggs's motion, we held that a district court may reduce sentences for non-covered offenses when it reduces sentences for convictions that are covered by the First Step Act. *See Hudson*, 967 F.3d at 611. Any arguable error here, however, was harmless. *See United States v. Jett*, 982 F.3d 1072, 1078 (7th Cir. 2020). Because Suggs's non-covered sentences run concurrently with the longer term for the conspiracy count, decreasing those shorter sentences would have no effect on his release date. *See Hudson*, 967 F.3d at 611 n.6. And, as we discussed, the court properly exercised its broad discretion when it declined to decrease the prison term under his covered counts.

We reviewed Suggs's other arguments, and none has merit.

AFFIRMED