In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 02-3794, 02-3832 & 02-3901

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SAMMIE J. SIMPSON, a.k.a. "WESTSIDE," LEVENCE
SIMPSON, and JERRY E. MCGINNIS, a.k.a. "DOC,"

*Defendants-Appellants.*

Appeals from the United States District Court
for the Central District of Illinois.
No. 01-10038—**Joe B. McDade**, *Chief Judge.*

ARGUED MAY 30, 2003—JULY 24, 2003

Before FLAUM, *Chief Judge*, and EASTERBROOK and
RIPPLE, *Circuit Judges.*

FLAUM, *Chief Judge.* The defendants appeal their convictions and sentences for having conspired to distribute heroin and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). We affirm.

## I. BACKGROUND

We provide only a brief description of the facts here; where additional facts are relevant to specific argu-

ments, we mention them later. From 1997 to 2001, Sammie Simpson ("Sammie"), his brother LeVence Simpson ("LeVence"), and Jerry McGinnis were involved in a conspiracy that transported heroin and crack cocaine from Chicago to Peoria, Illinois. All three defendants participated in the actual transport of the drugs, which were then fronted to various dealers for sale in Peoria. All told the conspiracy involved, by conservative estimates, the trafficking of at least nine kilograms of crack and one kilogram of heroin.

The defendants were charged and convicted after a four-day jury trial of conspiracy to distribute, with LeVence being additionally convicted of two counts of possession with intent to distribute. Sammie and LeVence were then sentenced within their guidelines range to 262 months and 240 months, respectively. McGinnis, however, received a much lighter sentence of 60 months. The defendants now appeal, challenging their convictions and sentences on numerous grounds.

## II. DISCUSSION

We begin with the arguments that are common to all three defendants, the first being that the district judge biased the defense by taking an overactive role during trial. This claim cannot withstand scrutiny. The defendants specifically complain of twelve instances where the judge interrupted defense counsel, but in all twelve of those instances, the judge's intervention was for the legitimate purpose of clarifying ambiguous testimony, *see United States v. Martin*, 189 F.3d 547, 554 (7th Cir. 1999), or preventing repetitive or immaterial testimony, *see United States v. Koliboski*, 732 F.2d 1328, 1330 (7th Cir. 1984). For instance, when LeVence's attorney, Arthur Inman, asked a witness a number of questions about the conditions of his prior incarceration, the judge interrupted and said, "Mr. Inman, can we move on to things relevant to this lawsuit

and not this gentleman's past conditions? . . . I guess I don't think the detail of which you've gone into is relevant. If you have a point to make, you can make it, but I don't want to dwell on his conditions at Tamms or other institutions." The defendants also complain of such things as the judge's admonitions to counsel not to ask questions that had already been "asked and answered" and the judge's request to have a sidebar. The defendants' remaining complaints are along these same lines, so we will not detail them here. Suffice it to say that none of the judge's remarks give rise to any suggestion of bias but rather were clearly designed to "make the interrogation and presentation effective for the ascertainment of truth [and to] avoid needless consumption of time." Fed. R. Evid. 611(a); *see United States v. Reynolds*, 189 F.3d 521, 528-29 (7th Cir. 1999). Further, even if the judge had displayed a bias (and we are not suggesting that he did), the defendants would still have to show that they suffered "serious prejudice" as a result, *Martin*, 189 F.3d at 553, which they have not done.

The defendants next claim that the judge erred in disallowing the use of prior bad acts for purposes of impeaching government witness Heather Wise. In 2000 Wise was convicted of felony theft, and for purposes of sentencing in that case, she admitted to the additional offenses of marijuana possession and unlawful possession of a converted vehicle. The defendants now argue that they should have been allowed, under Federal Rule of Evidence 609(a), to impeach Wise with those admissions. The short answer to this argument is that Rule 609(a) applies only to prior *convictions*, and Wise was never convicted on the charges in question.[1] Further, the evidence was properly excluded for the additional reason that it would have been cumulative to

---

[1] The government characterizes the defendants' claim as one under Rule 608(b), but we find it clear that they are arguing only that the evidence was admissible under Rule 609(a).

the information that the jury already had. *See United States v. Nelson*, 39 F.3d 705, 708 (7th Cir. 1994). The defendants took advantage of their numerous other avenues to prove that Wise had reason to lie, pointing out for instance her drug addiction, prior felony theft conviction, and her motive for cooperating. The judge also permitted the defendants to impeach Wise with her admission to unlawful use of a credit card, finding the act to be arguably probative of her character for untruthfulness. *See* Fed. R. Evid. 608(b).

Turning to the defendants' individual claims: LeVence contends that he is entitled to a new trial because the judge "denounced" the closing argument of his attorney (Inman). Four times during his argument, Inman told the jury that it could not credit the testimony of the government's witnesses unless it believed each of them "beyond a reasonable doubt." Eventually, the district judge interrupted the argument and stated,

> Mr. Inman, that's the fourth time you've told the jury that they have to believe someone beyond a reasonable doubt. I will tell the jury now, that will not be one of my instructions to you. My instruction to you will be that the government has the burden of proving the Defendant's guilt beyond a reasonable doubt.

LeVence asserts that these comments unfairly prejudiced his defense because they suggested that "Mr. Inman had 1) done something improper four times, 2) had misstated the law, and 3) had misled the jury." This is a meritless, if not frivolous, argument. Comments made by a trial judge during closing argument can only warrant reversal if it appears that the judge's conduct was "clearly prejudicial to the rights of the party." *United States v. Briggs*, 700 F.2d 408, 414 (7th Cir. 1983). Here, LeVence fails to explain how the judge's remarks, which were obviously intended to correct Inman's misstatement of the law, caused him clear prejudice. In fact the judge "has the right, and often the

*obligation*, to interrupt the presentations of counsel in order to clarify misunderstandings or otherwise insure that the trial proceeds efficiently and fairly." *Id.* (emphasis added).

Sammie challenges his sentence, claiming that the judge was under the mistaken impression that he did not have the authority to depart downward from the guidelines range. The sentencing transcript belies Sammie's assertion, however; the judge made clear that he was declining to downward depart because the circumstances of the case did not warrant departure. Sammie and LeVence also complain that their respective sentences of 262 months and 240 months are unreasonably disparate from McGinnis's "illegal" sentence of 60 months. We have been over this ground many times before. As we have said on numerous occasions, "a disparity among co-defendants' sentences is not a valid basis to challenge a guideline sentence otherwise correctly calculated." *United States v. Simmons*, 218 F.3d 692, 696 (7th Cir. 2000). This is true even though Sammie and LeVence are correct that McGinnis's sentence was not arrived at appropriately. The judge purported to grant McGinnis a downward departure because of his age and infirmity, *see* U.S.S.G. § 5H1.1, but the judge had no authority to take this action because the mandatory sentence *by statute* was life imprisonment. (McGinnis has four prior felony drug convictions.) *See* 21 U.S.C. § 841(b)(1)(A). The only provisions allowing for departure from a statutory minimum are 18 U.S.C. §§ 3553(e) and (f), neither of which are applicable here. But the government has not appealed McGinnis's sentence, and the fact that his punishment is unjustifiably lenient does not affect Sammie and LeVence's sentences in any event. As we held in *United States v. McMutuary*, 217 F.3d 477 (7th Cir. 2000), an unjustified disparity between sentences of codefendants should only be considered as a factor for departure if it "actually creates a disparity between the length of the [appellant defendant's] sentence and all other similar sentences imposed nation-

wide." *Id.* at 490. Neither Sammie nor LeVence has presented any evidence that that is the case here. Their sentences are therefore proper, even though McGinnis's is not.

The defendants' final claims—that the judge erred in disallowing inquiry into "the specifics of violations of probation by certain Government witnesses" and in denying the defense's request for a multiple conspiracy instruction—are waived for lack of development in the appeal briefs. *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999).

### III. CONCLUSION

The convictions and sentences are AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*