UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2005
Decided September 22, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1664

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>RICHARD DAVIES,<br>    *Defendant-Appellant.* | Appeal from the United States<br>    District Court for the<br>    Central District of Illinois.<br><br>No. 03-20024-001<br><br>Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Richard Davies pleaded guilty to possessing more than 50 grams of crack with the intent to distribute, 21 U.S.C. § 841(a)(1), and because he had three prior drug convictions he faced a mandatory term of life in prison, *id.* § 841(b)(1)(A). At sentencing, which took place after the Supreme Court issued its decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the government filed a motion under 18 U.S.C. § 3553(e) that allowed the district court to impose a sentence below the mandatory term to recognize Davies' substantial assistance. After consulting the guidelines as advisory, the district court sentenced Davies to 216 months' imprisonment. Davies filed a notice of appeal, but his appointed lawyer now moves to withdraw because she cannot discern

a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We notified Davies that he could respond to counsel's motion, *see* Cir. R. 51(b), but he did not.  Because counsel's supporting brief is facially adequate, we review only the potential issues it identifies.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

A defendant who faces enhancement under § 841(b)(1)(A) because of drug type and quantity must be sentenced to "life imprisonment" if he already has two prior felony drug convictions.  21 U.S.C. § 841(b)(1)(A).  The only exceptions are when substantial assistance is recognized, 18 U.S.C. § 3553(e), or under the "safety valve," *id.* § 3553(f).  *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003).  Here the district judge reduced Davies' sentence under § 3553(e) by first equating "life imprisonment" with 360 months and then reducing that term by 40%.  This reduction, the court reasoned, recognized Davies' cooperation but still adequately accounted for the seriousness of his offense, provided an opportunity for rehabilitation, and yielded a punishment proportionate to sentences imposed on others similarly situated.

Counsel first considers whether Davies might argue that the district court should have disregarded the statutorily mandated life term altogether and instead applied its 40% reduction against the guideline range of 151 to 188 months that he would have faced if not for his prior convictions.  But this argument would be frivolous because life imprisonment *was* the guideline range.  *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Hayes*, 5 F.3d 292, 294-95 (7th Cir. 1992).  These prior convictions did not need to be proved to a jury beyond a reasonable doubt before they factored into Davies' sentence, and the district judge did not have authority to disregard the statutorily prescribed sentence.  *United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005); *United States v. Douglas*, 408 F.3d 922, 929-30 (7th Cir. 2005).

Counsel also considers arguing that the 216-month term is unreasonably long.  This, too, would be a frivolous contention.  The district court disregarded the government's recommendation for a sentence of 324 months and settled on a term almost 10 years shorter.  The term imposed on Davies, who was 37 years old at the time of sentencing, is below the statutory and guideline minimum, and it will be an unusual case where a sentence below the guideline range is unreasonable.  *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005).  Here the court adequately justified the overall sentence by relying on the factors outlined in 18 U.S.C. § 3553(a).  Counsel has not identified any basis for us to conclude that the term is unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.