**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 22, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-2875

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>      *Plaintiff-Appellee,* <br><br>  *v.* <br><br> MARK A. WHITE, <br>      *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. IP-98-38-CR-M/F-03 <br><br> Larry J. McKinney, <br> *Chief Judge.* |

**O R D E R**

After concluding that the district court judge correctly imposed an obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1, and that the disparity between White's 480 month sentence and his co-defendant's 360 month sentence did not violate due process principles, we ordered a limited remand so that the district court could determine whether it would issue the same sentence in light of *United States v. Booker*, – U.S. – , 125 S. Ct. 738 (2005), which relegated the United States Sentencing Guidelines ("Guidelines") to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In his reply, the district court judge indicated that he would have imposed the same sentence today knowing that the Guidelines are not mandatory. We invited parties

to file, within 7 days, any arguments concerning the appropriate disposition of this appeal in light of the district court's sentence. Defendant White accepted our invitation; the government did not. We now affirm White's sentence.

White was convicted of money laundering and conspiracy to distribute large amounts of cocaine. During White's initial sentencing hearing, the district court concluded that White had assisted in covering up the murder of an undercover law enforcement official, and consequently applied the murder cross-reference enhancement, sentencing White to life imprisonment. On appeal, we held that the factual findings did not support this enhancement, and we remanded for resentencing. *See United States v. Thompson*, 286 F.3d 950, 955 (7th Cir. 2002). At resentencing, the district court sentenced White to 480 months' imprisonment. We affirmed this sentence, but remanded for the limited purpose of inquiring whether the district court would impose the same sentence in light of *Booker*. *See United States v. White*, 406 F.3d 827, 836 (7th Cir. 2005).

We now review White's sentence for reasonableness. *Booker*, 125 S. Ct. at 765; *Paladino*, 401 F.3d 471. Because White's sentence falls within the Guidelines' recommended sentencing range of 360 months to life, based on a final offense level of 42 and a category II criminal history, it is entitled to a rebuttable presumption of reasonableness. *See United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). White can rebut this presumption by demonstrating that his sentence is unreasonable when measured against the factors set forth in 18 U.S.C. §3553(a). *Id.* at 607.

Here, White provides two arguments as to why his sentence is unreasonable. Neither has merit. He first argues that the 120-month sentence disparity between him and his co-defendant, Dennis Jones, was "unwarranted" and is contrary to 18 U.S.C. §3553(a)(6), which prescribes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." White argues that the district court unreasonably imposed an obstruction of justice enhancement on only him, ignoring Jones's equal culpability. This court previously rejected this argument when White raised it, framed in due process terms, in his prior appeal. *See White*, 406 F.3d at 837. We upheld the district court's imposition of an obstruction-of-justice enhancement to White's sentence, even though the district court found that Jones had engaged in "substantially identical conduct." *Id.* We held that we would "not disturb the appealing defendant's sentence even when a co-conspirator's sentence is lenient," but rather would only "disturb a sentence based on an unjustifiable disparity between the length of the appellant defendant's sentence and all other similar sentences imposed nationwide." *Id.*, quoting *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003). We noted then that White had not presented any evidence that his sentence was at odds with similar sentences imposed nationwide. *Id.* He does not present such evidence now. Nor does White provide any analysis – much less controlling

authority – to indicate why our present review for reasonableness should contradict our prior holding under a due process framework.

White also raises an undeveloped argument that his relative youth at the time of the offense (he began the drug conspiracy at age 18 and continued through age 23) renders his sentence unreasonable. White does not raise any other "characteristics" under 18 U.S.C. § 3553(a)(1) that would support a finding that the sentence imposed was unreasonable. White's age alone is insufficient to rebut the presumption of reasonableness here, particularly in light of the extremely serious nature of White's crimes, which the Guidelines deem sufficiently serious to recommend up to life imprisonment. Although White's 40-year sentence may well be tantamount to a life imprisonment, the district court nonetheless imposed a less firm sentence than life imprisonment. Accordingly, it cannot be said to be unreasonable.

White raises a final procedural argument. He argues that an additional remand is required because the district court's one-sentence affirmance of its previous sentence lacked any explanation of White's sentence in light of the § 3553(a) factors. This is true: although the district court invited written submisssions from the parties and indicated in its order that it had reviewed these submissions, it did not provide any analysis. The provision of reasons, however, is not a strict requirement when the sentence imposed is within the sentencing range recommended by the Guidelines. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). Under such circumstances, "we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Id.*, quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The better practice, of course, is for the district court to provide *some* form of analysis, which provides us with a clearer basis for review. But, particularly in light of the repeated resentencings in this case, to require a remand for the district court to provide explicit reasons here would be a fruitless exercise.

Accordingly, we AFFIRM the judgment of the district court.