UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2006
Decided May 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4159

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-CR-195 |
| JUAN ORNELAS-HERNANDEZ, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

Juan Ornelas-Hernandez pleaded guilty to one count of cocaine distribution, 21 U.S.C. § 841(a)(1).  He asked the district court to impose a sentence below the guidelines range of 57 to 71 months in prison, arguing that his placement in Criminal History Category III overstated the seriousness of his single past offense. *See* U.S.S.G. § 4A.1.3(b)(1).  The sentencing court imposed the statutory mandatory minimum sentence of 60 months' incarceration.  21 U.S.C. § 841(b)(1)(A).  Ornelas-Hernandez filed a timely notice of appeal, but his appointed counsel informs us that he cannot discern a nonfrivolous basis for the appeal and moves to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  Because counsel's brief is facially adequate and Ornelas-Hernandez has not filed a Circuit Rule 51(b) response to his

attorney's motion, we will review only the potential issues that counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

We have no indication that Ornelas-Hernandez wishes to have his guilty plea vacated, so counsel appropriately avoids any discussion about the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Counsel considers only an argument that the district court erred by not granting a sentence below the 60-month mandatory minimum. Such an argument would be frivolous, counsel concludes, because Ornelas-Hernandez did not qualify for either of the provisions that would otherwise allow for a below-minimum sentence. *See* 18 U.S.C. § 3553(e), (f)(1). We concur. Those are the only provisions that allow district courts to impose a sentence below a statutory minimum. *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003). A sentencing reduction under § 3553(e) is only possible upon the government's motion, which it did not make here. *See United States v. McMutuary,* 217 F.3d 477, 487 (7th Cir. 2000). And despite his contention before the sentencing court that his criminal history score overstates the seriousness of his past conviction, it would be frivolous to argue on appeal that Ornelas-Hernandez was eligible for the safety-valve provision of § 3553(f). That is because "the statutory question is how many points the defendant had accumulated, not how serious the crimes were." *United States v. Cannon*, 429 F.3d 1158, 1161 (7th Cir. 2005). Counsel also recognizes that *United States v. Booker*, 543 U.S. 220 (2005), has not given district courts authority to impose sentences below a statutory minimum. *See United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). We agree with counsel that it would be frivolous to appeal based on any of the potential issues he identifies.

We GRANT the motion to withdraw and DISMISS this appeal.