NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided December 4, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-4014

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 3:06-CR-30083-003-MJR |
| FREDIANDO ORTIZ CONTRERAS, <br> *Defendant-Appellant*. | Michael J. Reagan, <br> *Judge*. |

**O R D E R**

Frediando Contreras pleaded guilty to conspiracy to possess with intent to distribute marijuana and heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 210 months' imprisonment, the low end of the guidelines range. Contreras filed a notice of appeal, but his appointed counsel represents that the case is frivolous and seeks leave to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Contreras has not accepted our invitation to comment on counsel's brief. *See* CIR. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We conclude that the appeal is frivolous and thus grant counsel's motion to withdraw and dismiss this appeal.

Counsel states that Contreras does not want his guilty plea set aside, and so counsel correctly bypasses discussion of potential issues concerning the voluntariness of Contreras's

plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). The only potential issues counsel considers are whether the four-level increase to Contreras's offense level for his leadership role in the drug conspiracy was proper and whether his sentence is reasonable.

In the presentence investigation report, the probation officer concluded that Contreras was the leader of a distribution conspiracy that involved five or more participants. Using the 2006 version of the sentencing guidelines, the probation officer set a base offense level of 36, *see* U.S.S.G. § 2D1.1(c)(2), added four levels for Contreras's leadership role, *see id.* § 3B1.1(a), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1(a) and (b). Contreras has no prior convictions, resulting in a criminal history category of I. Based on the total offense level of 37 and criminal history category of I, the guidelines range for imprisonment was 210 to 262 months.

At sentencing Contreras agreed that there were five or more participants but objected to the conclusion that he was an organizer or leader of the conspiracy. We agree with counsel that any challenge to the four-level increase for Contreras's leadership role would be frivolous. The district court's assignment of a four-level increase for a leadership role under § 3B1.1(a) is a factual question reviewed for clear error. *See United States v. Millet*, 510 F.3d 668, 679 (7th Cir. 2007). Contreras's main argument against the four-level increase was that codefendant Penny Hemphill was the real leader of the drug conspiracy and that he was just "an employee." But, as the district court found, Contreras received the lion's share of the proceeds from the criminal activity, had decision-making authority over the transportation of the drugs, recruited a second driver for a particularly large drug load, and controlled the distribution of money received from drug deliveries. *See* U.S.S.G. § 3B1.1 cmt. n.4; *United States v. Blaylock*, 413 F.3d 616, 621 (7th Cir. 2005). Moreover, it is of no consequence that Hemphill received a lower sentence. *See United States v. Gammicchia*, 498 F.3d 467, 469 (7th Cir. 2007) ("Nothing is more common than for codefendants to receive different sentences."); *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003) (explaining that codefendant's unjustifiably lenient sentence does not provide a basis to challenge sentence otherwise correctly calculated under the guidelines). Thus, any argument about the four-level increase would be frivolous.

Counsel also evaluates whether Contreras could challenge his 210-month prison sentence as unreasonable. A sentence within a correctly calculated guidelines range is presumptively reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). Here the district court gave meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a) and found that a sentence at the lowest end of the guidelines range was appropriate. Specifically, the court considered the large amount of heroin involved, the scope of the drug conspiracy, the fact that

Contreras had no criminal history prior to this case, and his leadership role in the offense. Therefore, counsel correctly concludes that any argument challenging the reasonableness of Contreras's sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.