NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010
Decided November 23, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1003

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-89 |
| ISAIAH SMITH, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Isaiah Smith, a member of the Milwaukee street gang "Solid Over Concrete," was arrested after selling an informant 55 grams of crack for $1,700 during a police sting. Smith was turned over to federal authorities and pleaded guilty to distributing crack. *See* 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him to 120 months' imprisonment, which at that time was the mandatory minimum for crack offenses involving 50 or more grams. *See* 21 U.S.C. § 841(b)(1)(A) (2006).

Smith filed a notice to appeal, but his appointed counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738

(1967).  Smith did not respond to our invitation to comment on counsel's motion.  *See* C<small>IR</small>.R. 51(b).  Because counsel's supporting brief is facially adequate, we limit our review to the one potential issue counsel discusses.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

According to counsel, Smith does not want his guilty plea vacated.  Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel evaluates only one potential argument: whether Smith could challenge the reasonableness of his prison term.  At sentencing the district court properly calculated a guidelines imprisonment range of 120 to 150 months and imposed the 120-month statutory minimum.  There are two exceptions permitting a district court to sentence below a statutory minimum, but neither applied to Smith: the government did not move for a reduced sentence based on substantial assistance, *see* 18 U.S.C. § 3553(e), and Smith's ten criminal history points made him ineligible for "safety valve" relief, s*ee id.* § 3553(f); *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009); *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003).  Because the district court was constrained from sentencing Smith to anything less than the statutory minimum, we agree with counsel that a challenge to the prison term would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.