NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1143n.06

No. 12-5258

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 05, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FREDIANDO CONTRERAS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| J. C. HOLLAND, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Frediando Contreras, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In his section 2241 petition, Contreras claimed that his sentence of imprisonment was improperly enhanced and that his attorney was ineffective for failing to properly challenge the enhancement.  The district court subsequently dismissed the petition.  On appeal, Contreras reasserts his enhancement claim and moves for leave to proceed in forma pauperis.

The district court's judgment is reviewed de novo. *Rosales-Garcia v. Holland*, 322 F.3d 386, 400–01 (6th Cir. 2003) (en banc); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999).  Contreras did not raise his ineffective assistance of counsel claim in his brief before this Court.  Therefore, this claim is deemed abandoned and not reviewable on appeal. *See Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 618 n.1 (6th Cir. 2008).

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

Habeas corpus relief under section 2241 is reserved for claims challenging the execution of the sentence. *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Contreras claims that his sentence of imprisonment was improperly enhanced. The duration of Contreras's sentence is not the proper subject of a petition for habeas corpus relief under section 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under section 2241, instead of 28 U.S.C. § 2255, if he is able to establish that his remedy under section 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Contreras has failed to make this showing.

Contreras pleaded guilty to conspiracy to possess with the intent to distribute marijuana and heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 210 months of imprisonment. On appeal, Contreras argued against a four-level sentencing increase, claiming that he was not the real leader of the drug conspiracy and that he was just an employee. The Seventh Circuit rejected this argument and affirmed Contreras's conviction. *United States v. Contreras*, 301 F. App'x 545, 547 (7th Cir. 2008). Contreras subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. *Contreras v. United States*, No. 09-cv-1048, 2010 WL 5057337, at *5 (S.D. Ill. Dec. 3, 2010).

Contreras's enhancement is predicated upon events that transpired during trial or on direct appeal. Consequently, it could have been–and repeatedly was–raised at trial, on direct appeal, or by a motion to vacate his sentence. Therefore, Contreras has not met his burden of proving that his remedy under section 2255 was inadequate or ineffective to test the legality of his detention. *See Martin v. Perez*, 319 F.3d 799, 803–04 (6th Cir. 2003); *Charles*, 180 F.3d at 756.

We grant Contreras leave to proceed in forma pauperis and affirm the district court's judgment.