## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2021[*]
Decided November 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1788

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:98-cr-00038-JMS-MJD |
| MARK WHITE, *Defendant-Appellee*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

More than halfway through his 40-year sentence for his involvement in an Indiana drug conspiracy, Mark White moved for a sentence reduction under § 404(b) of the First Step Act of 2018. The district court denied the motion, concluding that White was ineligible for relief because the Fair Sentencing Act did not change the penalties for

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the crimes of which he was convicted, and even if it did, he did not merit this relief under 18 U.S.C. § 3553(a). We affirm.

White was convicted by a jury in 1999 of conspiracy to distribute more than five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846, and money laundering, 18 U.S.C. § 1956. He initially was sentenced to life in prison based on the 550 kilograms of cocaine attributed to him at sentencing and application of the murder cross-reference set forth in U.S.S.G. § 2D1.1(d)(1). On appeal, White argued under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the determination of the quantity of cocaine should have been submitted to the jury. We concluded that the court's handling of this matter was not plainly erroneous, but we vacated White's sentence because the district court's factual findings did not support the murder enhancement. *United States v. Thompson*, 286 F.3d 950, 961, 967 (7th Cir. 2002). On remand, White was sentenced within his recalculated guidelines range to 40 years in prison. We upheld his sentence on direct appeal. *See United States v. White*, 406 F.3d 827 (7th Cir. 2005); *United States v. White*, 155 F. App'x 901, 903 (7th Cir. 2005).

In 2008, White filed a motion under 28 U.S.C. § 2255, asserting that trial counsel was ineffective for failing to raise an objection under *Apprendi*. The court denied the motion as untimely, and we denied his request for a certificate of appealability.

White later filed a pair of motions pursuing sentence modification. First, in 2015, he moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendments 706, 750, and 782 to the Guidelines. The district court denied the motion because the amendments did not affect his guidelines range. We summarily affirmed. Order Summarily Affirming Judgment at 2, *United States v. White*, No. 15-2812 (7th Cir. Dec. 7, 2015).

In 2019, White sought relief under § 404 of the First Step Act, arguing that the district court's failure to submit the question of drug quantity to the jury—as required by *Apprendi*—meant that he should have been sentenced not under 21 U.S.C. § 841(b)(1)(A)(ii), but rather 21 U.S.C. § 841(b)(1)(C), which requires no determination of drug quantity and carries only a 20-year statutory maximum. The district court denied this motion. The court explained that it assessed White's eligibility for relief under § 404(b) by looking to the subsection of § 841(b) that correlated with the drug quantity attributed at sentencing to White, 21 U.S.C. § 841(b)(1)(A)(ii), and the Fair Sentencing Act did not modify the penalties for convictions under that subsection. As for White's *Apprendi* claim, the court explained that we already rejected this argument on direct

appeal. *See Thompson*, 286 F.3d at 967. Even if White were eligible for relief under § 404(b), the court added, it would not reduce his sentence because of the applicable factors under 18 U.S.C. § 3553(a)—specifically, the seriousness of the offense (White trafficked more than 500 kilograms of cocaine and helped cover up the murder of a government informant) and the need for deterrence.

On appeal, White continues to challenge the district court's designation of his statute of conviction. Because the drug weight was not submitted to a jury, he maintains that he should have been convicted of § 841(b)(1)(C), which has no quantity threshold, rather than § 841(b)(1)(A)(ii).

This argument fails for several reasons. First, White made this *Apprendi* argument on direct appeal, an argument that we rejected. *Thompson*, 286 F.3d at 966–67. As the court properly explained, White may not use a § 404 motion to relitigate the validity of his conviction, nor may he use it as an opportunity to raise arguments that could have been raised in a timely § 2255 motion. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Moreover, the court rightly considered § 841(b)(1)(A)(ii) to be White's statute of conviction: the court held him accountable for more than 500 kilograms of cocaine, well in excess of the 5-kilogram threshold for that subsection. And even if White were correct, the Supreme Court recently held that convictions under § 841(b)(1)(C) are not "covered offenses" that are eligible for a sentence reduction under § 404(b). *Terry v. United States*, 141 S. Ct. 1858, 1862–64 (2021).

White also argues that the district court's application of the § 3553(a) sentencing factors was flawed because it was based on "inaccurate information." Specifically, he takes issue with the court's statement that he "covered up the murder" of the government informant; he insists that, in a prior opinion, we cleared him of any such wrongdoing.

The court's assessment of the § 3553(a) factors was entirely appropriate. The court highlighted the enormous sums and drug quantities involved in White's offenses, as well as the violent nature of the conspiracy. The court's assessment of White's role in the cover-up was also more nuanced than he suggests. The court acknowledged that White was not convicted of killing the government informant, but it characterized his complicity as "extremely serious." As the court explained, the evidence showed that the informant had been murdered in White's vehicle and that White aided in the cover-up by lying to police about his whereabouts. *White*, 406 F.3d at 829.

AFFIRMED