In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 21-3002 and 21-3003

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NATHANIEL CLAY, and JOHN KNOX,

*Defendants-Appellants.*

———————————

Appeals from the United States District Court for the
Northern District of Illinois, Western Division.
No. 09-cr-50041 — **Iain D. Johnston**, *Judge.*

———————————

ARGUED JUNE 3, 2022 — DECIDED JULY 27, 2022

———————————

Before SYKES, *Chief Judge*, and FLAUM and BRENNAN, *Circuit Judges.*

FLAUM, *Circuit Judge*. Nathaniel Clay and John Knox were convicted and sentenced to 320 months' and 255 months' imprisonment, respectively, for their participation in a drug conspiracy involving the distribution of crack cocaine and heroin. After they were sentenced, Congress passed the Fair Sentencing Act and the First Step Act (collectively, the "Acts"), which prospectively reduced the penalties for crack cocaine offenses

and created an avenue for defendants previously convicted of such offenses to request reduced sentences from their sentencing courts. Clay and Knox filed motions under § 404(b) of the First Step Act requesting this relief, but the district court denied their requests. It first held that neither of the defendants were eligible for relief because their offenses involved heroin, the penalty for which remains unaffected by the Acts, and then ruled in the alternative that even if they were eligible, it would decline to exercise its discretion to grant Clay and Knox reduced sentences. The defendants appealed. On appeal, the government concedes that Clay and Knox are eligible for relief under the Acts but nevertheless argues that we should affirm the district court's order because its alternative ruling declining to reduce their sentences was not an abuse of discretion.

For the following reasons, we agree with the government and therefore affirm the district court's order denying the defendants' requests for reduced sentences.

## I.    Background

### A.  Procedural Background

In 2009 and 2010, Clay and Knox pleaded guilty to one count each of conspiracy to possess with intent to distribute and to distribute controlled substances. In particular, each had been charged under 21 U.S.C. § 846 with conspiring to violate 21 U.S.C. § 841(a)(1), with both defendants' alleged drug quantities being more than one kilogram of heroin and more than 50 grams of crack cocaine. Each faced a ten-year minimum sentence under the statute as it read at the time, both because their offenses involved more than one kilogram of heroin and because they involved more than 50 grams of

crack cocaine. Judge Kapala, who has since taken inactive senior status, found that Clay's sentencing range under the Sentencing Guidelines was 292 to 365 months and found that Knox's sentencing range under the Guidelines was 235 to 293 months; both exceeded the mandatory 120-month minimum sentence. Judge Kapala sentenced Clay to 320 months' imprisonment and Knox to 255 months' imprisonment. Both defendants appealed Judge Kapala's drug quantity calculations, but this Court affirmed. *United States v. Block*, 705 F.3d 755 (7th Cir. 2013). In 2015, Knox filed a motion for a reduction to his sentence based on changes the U.S. Sentencing Commission made to certain provisions of the Sentencing Guidelines that Judge Kapala had used in handing down his sentence. The government agreed that after the amendments, Knox's offense level dropped two levels, resulting in an updated Guidelines range of 188 to 235 months. Judge Kapala accordingly reduced Knox's sentence to 204 months.

In 2020, Clay and Knox each filed motions under § 404(b) of the First Step Act, seeking reduced sentences based on changes Congress made to the penalties resulting from certain drug crimes. Because Judge Kapala is no longer in active judicial service, Clay's and Knox's cases were re-assigned to Judge Johnston. Judge Johnston denied the motions, finding the defendants to be ineligible for relief under the First Step Act and ruling in the alternative that he would not exercise his discretion to reduce their sentences even if they were eligible. These appeals followed and were consolidated.

### B. Statutory Background

In 2010, Congress passed the Fair Sentencing Act, which, among other things, effectively reduced the sentences for many crack cocaine offenses by increasing the quantity of

crack cocaine required to trigger the minimum ten-year sentence from 50 grams to 280 grams. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010); 21 U.S.C. § 841(b)(1)(A)(iii). The changes contained in the Fair Sentencing Act, however, were not retroactive and applied only to defendants who committed their offenses after August 3, 2010. In 2018, Congress passed the First Step Act, which made certain provisions of the Fair Sentencing Act—including the provision setting out the quantity of crack cocaine required to trigger the ten-year sentence—retroactive. Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222.

Section 404(b) of the First Step Act allows defendants convicted of "covered offense[s]" to file motions requesting that their sentencing courts impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 … that was committed before August 3, 2010." *Id.* Importantly, § 404(c) of the First Step Act states that sentencing courts "may" impose a reduced sentence and clarifies that nothing in the section "shall be construed to require a court to reduce any sentence …." *Id.* § 404(c). Accordingly, whether to grant a defendant's request for a reduced sentence under the First Step Act is left to the court's sound discretion. *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (per curiam) ("[S]ection 404(c) makes clear that the court is never required to reduce a sentence under section 404(b)."). This Court has held, however, that on a § 404(b) motion, the resentencing court's failure to exercise its discretion whatsoever or its failure to

consider the now-applicable statutory sentencing range constitutes an abuse of discretion. *See United States v. McSwain*, 25 F.4th 533, 540 (7th Cir. 2022) (failure to exercise discretion is an abuse of discretion); *United States v. Fowowe*, 1 F.4th 522, 529 (7th Cir. 2021) ("[N]ot considering the lower statutory penalties now applicable to a defendant's offense of conviction is procedural error." (internal quotation marks and alterations omitted)).

## II.    Discussion

The district court held that Clay and Knox were ineligible for relief under the First Step Act and that, even if they were eligible for such relief, it would decline to exercise its discretion to reduce their sentences. On appeal, the government concedes that Clay and Knox are eligible for sentence reductions but nevertheless urges us to affirm the district court's decision by holding that it did not abuse its discretion when it declined to reduce their sentences. For their parts, Clay and Knox urge us to reverse on the grounds that the district court abused its discretion by creating unwarranted sentencing disparities between them and their co-defendants, whose motions for sentencing reductions were granted by a different district judge.

Motions for reduced sentences under § 404(b) of the First Step Act are reviewed in two parts. First, the resentencing court must determine whether the moving defendant is eligible for relief, and then the court must decide, if eligible, whether the defendant's sentence should be reduced. *McSwain*, 25 F.4th at 537. We consider these two steps in turn.

### A. Eligibility

Eligibility is a question of statutory interpretation that we review de novo. *McSwain*, 25 F.4th at 538. The government argued below that neither Clay nor Knox were eligible for relief under the First Step Act because their conspiracy convictions involved heroin in addition to cocaine, and heroin offenses are unquestionably not "covered offenses" under § 404(b). The government has reversed course on appeal, however, conceding that "a conspiracy to traffic crack cocaine … is a covered offense even if another object of the conspiracy triggered the same statutory penalty range." We need not conclusively resolve the question whether a defendant is eligible for First Step Act relief when convicted of a multi-drug conspiracy; we accept the government's concession that these defendants are eligible. We further note that the emerging consensus from our sister circuits is in accord with the government's position. *See id*. (collecting cases from the Second, Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits).

### B. Exercise of Discretion

Because the government has now conceded that defendants were eligible for relief under the First Step Act, the crux of the dispute on appeal is whether the district court abused its discretion when it held, in the alternative, that it would not reduce the defendants' sentences even if they were eligible for reduction. In arguing that it was an abuse of discretion, defendants claim that Judge Johnston's denial of their motions created sentencing disparities between them and their co-conspirators, whose motions for sentence reductions were granted by Judge Ellis. According to defendants, Judge Johnston "waived away the entire disparity analysis by claiming he did not know what information Judge Ellis had when she

reduced the co-defendants' sentences, and thus could not determine whether the disparity was warranted or unwarranted."

This Court has given a significant amount of guidance about what sentencing courts *may* consider when deciding whether to reduce a sentence pursuant to a § 404(b) motion, but we have said little about what such courts *must* consider. For example, we have stated that courts *may* consider the factors laid out in 18 U.S.C. § 3553(a), the current Guidelines, the defendant's post-sentencing conduct, and other relevant information about the defendant's background. *See United States v. Shaw*, 957 F.3d 734, 741 (7th Cir. 2020) ("Importantly, nothing in the First Step Act precludes a court from utilizing § 3553(a)'s familiar framework when assessing a defendant's arguments."); *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020) (stating that courts are authorized to consider "current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct."). The only consideration that we have stated a court *must* take up when deciding a § 404 motion is calculate the new minimum and maximum statutory penalties. *Fowowe*, 1 F.4th at 529 ("[A] district court ruling on a § 404(b) motion therefore *must* begin by recalculating the statutory minimum and maximum that would have applied had §§ 2 and 3 of the Fair Sentencing Act been in effect at the time the movant was originally convicted." (emphasis added)). In fact, we have explicitly refrained from holding that courts are required to consider the § 3553(a) factors when deciding a § 404(b) motion, *Shaw*, 957 F.3d at 741 n.2 ("We leave for another day whether a court is required to take § 3553(a) factors into consideration."), and we may resolve this appeal, too, without making such a holding.

Even assuming the district court were required to evaluate the § 3553(a) factors, it did so adequately and therefore did not abuse its discretion in denying defendants relief. The defendants rest their argument to the contrary on a single line from the district court's orders: "This Court cannot know what information was available to any earlier judge who inherited this case from Judge Kapala." According to defendants, this sentence proves that the court shirked its duty to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Even assuming the district court had a duty to consider this factor (along with the other sentencing factors in § 3553(a)), the defendants' argument is unavailing. First, whether a sentence creates an unwarranted sentencing disparity is an inquiry involving nationwide data, and thus a disparity between two co-conspirators "is not a valid basis to challenge a guideline sentence otherwise correctly calculated." *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003); *see also United States v. Courtland*, 642 F.3d 545, 554 (7th Cir. 2011) ("There is nothing per se improper about a sentencing disparity among co-conspirators, or even between [two co-conspirators] to whom a specific departure provision applies."); *United States v. Gooden*, 564 F.3d 887, 891 (7th Cir. 2009), *as amended* (May 20, 2009) ("We do not view the discrepancy between sentences of co-defendants as a basis for challenging a sentence and will disturb a sentence only if it creates an unwarranted sentence disparity between similar defendants nationwide." (internal quotation marks omitted)). Indeed, the Supreme Court has instructed that because avoidance of unwarranted disparities was a consideration of the Sentencing Commission when it created the Guidelines, a

within-Guidelines sentence necessarily accounts for the need to avoid unwarranted disparities. *Gall v. United States*, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."); *see also United States v. Shamah*, 624 F.3d 449, 460 (7th Cir. 2010) ("A within-guidelines sentence necessarily gives weight and consideration to avoiding unwarranted sentencing disparities."). Defendants fail to address any of these cases and offer no reason why their holdings do not foreclose their arguments here. Because Clay's and Knox's sentences were within Guidelines, we may presume they do not create unwarranted sentence disparities, notwithstanding the fact that other co-conspirators received sentence reductions under § 404(b).

Second, and perhaps more significantly, the defendants' proposed interpretation of the district court's statement about Judge Ellis's decision to grant the other co-defendants relief under § 404(b) ignores the context within which the statement was made. The full paragraph from the order reads as follows:

> The obligation that [18 U.S.C. § 3553(a)] imposes on this Court is to determine a sentence that is sufficient but not greater than necessary to serve the purposes of sentencing. The Court has done so using all of the relevant information available to it. This Court cannot know what information was available to any earlier judge who inherited this case from Judge Kapala. Indeed, there is no indication in the docket that

the district judge who reduced the codefendant's sentence possessed the presentence investigation report for that defendant. And the Court notes that at least some of the defendants' Presentence Investigation Reports were not initially available electronically on the docket, as was the custom at the time, including the report for Mr. Clay [and Mr. Knox], which [were] docketed only after this Court asked the probation department to do so. In light of all of the information available to it and its balancing of the § 3553(a) factors, this Court concludes that the [defendants' sentences] properly balance[] the relevant sentencing concerns, and it therefore declines to reduce [their] sentence[s].

The most reasonable interpretation of this passage is that the district court was simply offering a possible explanation as to why it was reaching a different conclusion than Judge Ellis had: they were evaluating different information. To place any more weight on the district court's words would strain the text beyond what it can bear.

Before reaching its conclusion, the district court considered all of the following factors: whether the defendants participated in rehabilitation and re-entry courses while incarcerated; their disciplinary history while incarcerated; the nature and seriousness of their offenses; their prior criminal history; the fact that drug crimes such as these "remain a scourge in the Rockford community"; the importance of deterrence; the fact that the defendants would still be subject to the same ten-year minimum sentences due to the quantities of heroin involved in their offenses; and the fact "that some of [the]

codefendants who filed motions under the First Step Act decided by a different judge received sentence reductions." Only after weighing all of these factors—which include the one factor this Court has said judges are required to consider on a § 404(b) motion (the new statutory sentence range)—did the district court reach its conclusion. Such a thorough review of the relevant information is simply not an abuse of discretion.

### III.    Conclusion

For the reasons explained above, we AFFIRM the district court's orders denying the defendants' motions for sentence reductions under the First Step Act.