**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014[*]
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2207

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 05-CR-30027-DRH |
| MITCHELL BROWN, <br> *Defendant-Appellant.* | David R. Herndon, <br> *Chief Judge.* |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Mitchell Brown appeals from an order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence. Because that statute does not authorize shortening his sentence, we affirm the district court's decision.

Brown pleaded guilty in 2006 to conspiring to distribute heroin and crack cocaine and to a substantive count of distributing heroin. He was subject to at least 120 months' imprisonment given the amount of crack, *see* 21 U.S.C. § 841(b)(1)(A) (2006), and the district court calculated a guidelines range of 120 to 135 months. (The range would have been 108 to 135 months if the statutory minimum hadn't applied.) Concluding that Brown's criminal history warranted an above-guidelines prison term, the court sentenced him to 175 months. Brown did not appeal.

Brown had previously filed a § 3582(c)(2) motion in 2008 after the Sentencing Commission retroactively had lowered the base offense level for most crimes involving crack. *See* U.S.S.G. App. C, vol. III 226-31, 253 (Amendments 706 & 713). The district court granted that motion and, as Brown requested, cut his prison term to 150 months. (The new guidelines range was fixed at 120 months because the otherwise applicable range fell entirely below the statutory minimum. *See* U.S.S.G. § 5G1.1(b); *United States v. Wren*, 706 F.3d 861, 863 (7th Cir. 2013). Brown did not ask for a reduction below 150 months given the court's earlier decision to impose an above-guidelines sentence.)

In the motion now before us, Brown asked the district court to shorten his sentence to 120 months based on amendments to the sentencing guidelines that again retroactively lowered the base offense levels for most crack-related crimes. *See* U.S.S.G. App. C, vol. III 391–98, 416–21 (Amendments 750 & 759). But the court lacked authority to further reduce his sentence. Section 3582(c)(2) would allow a reduction only if Brown's imprisonment range had been lowered by the recent amendments. *See United States v. Robinson*, 697 F.3d 443, 444 (7th Cir. 2012). Yet that range, as we've already noted, is fixed to the statutory minimum by § 5G1.1(b) and, therefore, was unaffected by the amendments. *See United States v. Johnson*, 747 F.3d 915, 917 (7th Cir. 2013); *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008).

AFFIRMED.